**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:   (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
         kgrombacher@bradleygrombacher.com
         lking@bradleygrombacher.com

Attorneys for Plaintiff, CARLOS SANCHEZ individually and on behalf of all others similarly situated
*(Additional Counsel Listed on Following Page)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SANCHEZ, individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAM'S WEST, INC. dba SAM'S CLUB, an Arkansas corporation,<br><br>Defendant. | **Case No:**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Failure to Pay Minimum Wages and Liquidated Damages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1);<br><br>(2) Failure to Pay for All Hours Worked (Labor Code §§ 221-223);<br><br>(3) Failure to Pay Overtime Wages (Labor Code § 510);<br><br>(4) Failure to Pay All Wages Owed at Termination of Employment (Labor Code §§ 201-203);<br><br>(5) Failure to Provide Accurate, Itemized Wage Statements (Labor Code § 226(a)); and<br><br>(6) Violations of California Business and Professions Code §§17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**MAJARIAN LAW GROUP APC**
Sahag Majarian, II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile:   (818) 609-0892
E-Mail: sahagii@aol.com

Plaintiff CARLOS SANCHEZ, (hereinafter referred to as "Plaintiff"), hereby submits this Class Action Complaint against Defendant SAM'S WEST, INC. dba SAM'S CLUB, an Arkansas corporation (hereinafter referred to as "Defendant") on behalf of himself and a proposed class of all other similarly situated current and former employees of Defendant and alleges as follows:

## NATURE OF THE CASE

1. This is a putative class action arising out of Defendant's failure to compensate its non-exempt hourly employees for all hours worked; failure to pay all compensation owed at termination of employment; failure to provide them with accurate, itemized wage statements; and for unfair competition in violation of Business and Professions Code §§17200, *et seq*.

2. Defendant Sam's Club is an American chain of membership-only retail warehouse "clubs" owned and operated by Walmart. Defendant has employed thousands of other similarly situated individuals in California as "Associates" in its retail club locations. Associates work a variety of job positions inside Defendant's clubs including as cashiers, stockers, meat cutters and wrappers, among other positions ("Associates"). These positions are not exempt from the wage and hour provisions of the California Labor Code.

3. As set forth below, Plaintiff alleges that Defendant, as a matter of policy and/or practice has failed to compensate Plaintiff and other similarly situated hourly, non-exempt "Associates" for time spent waiting to be released at the end of their shifts during store closing and post-closing procedures for the benefit of Defendant. As a result of these and other policies and practices, Plaintiff alleges that Defendant has failed to pay him and the class members for all hours worked and has violated the wage statement, recordkeeping and other requirements of the Labor Code and the IWC Wage Order. In addition, Defendant has failed to timely pay former employees all of their earned and unpaid wages upon separation of employment.

4. Plaintiff seeks relief on behalf of himself and all others similarly situated

as a result of Defendant's employment policies, practices and procedures more specifically described below, which violate California Labor Code and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.

5. Plaintiff is informed and believes, and based thereon alleges, Defendant has engaged in, among other things a system of willful violations of the California Labor Code and the applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2)(A) (CAFA), because this case is a class action, there are more than 100 members of the putative class, and the aggregated claims of the individual class members of each of the classes exceed the sum value of $5,000,000, exclusive of interests and costs.

7. Venue is proper under 28 U.S.C. §1391, because Defendant employs class members and transacts business in this Judicial District, a substantial part of the acts and/or omissions giving rise to the claims occurred in this District, and Defendant does business in this Judicial District.

## THE PARTIES

8. Plaintiff CARLOS SANCHEZ ("Plaintiff") is a resident of Los Angeles County, in the State of California. Plaintiff was employed by Defendant in El Monte, California, from approximately August through October of 2019. Plaintiff was employed by Defendant as an "Associate" and held the position of "Cashier."

9. SAM'S WEST, INC. dba SAM'S CLUB, is an Arkansas corporation that does and at all relevant times was engaged in business in California including in this Judicial District.

///

**FACTUAL ALLEGATIONS**

10. During the relevant time period of this action, Defendant has employed Plaintiff and other similarly situated individuals in California as "Associates" in its retail, warehouse Club locations. Associates work a variety of job positions inside Defendant's Clubs including as cashiers, stockers, meat cutters and wrappers, and photo techs, among other positions. These positions are not exempt from the wage and hour provisions of the California Labor Code.

11. As a matter of policy and/or practice, Defendant has failed to compensate Plaintiff and other similarly situated hourly, non-exempt Associates for time spent waiting to be released at the end of shifts during store closing procedures for the benefit of Defendant and as a result has failed to provide the class members with accurate, itemized wage statements and all wages owed at termination of employment.

12. With respect to unpaid wait time during closing shifts, Defendant, as a matter of policy and/or practice, required Plaintiff and the members of the class, to remain under Defendant's control after they are clocked out at the end of their shifts while waiting to be released. Specifically, despite being off-the-clock, after the end of their closing shifts, Plaintiff and the members of the class were and are not permitted to leave the Club locations for the night until their managers complete certain required closing tasks (such as setting alarms, locking doors, counting the tills, stocking and inspecting the store, and performing security checks and/or bag inspections) and/or unlock the main door, through which all Associates must exit. The geographic and logistical constraints prevent Defendant's closing shift Associates from using the time they spend waiting to be released from Defendant's club locations at the end of their closing shifts for their own benefit. Nonetheless, Defendant does not pay the Associates for the time they are waiting off-the-clock at the end of their closing shifts to be released from the clubs so that they can leave. This uncompensated wait time generally ranges from 5 to 20 minutes or longer per closing shift.

13. For example, at the end of his closing shifts at Defendant's El Monte,

California Club location, Plaintiff and his co-workers were required to clock out on the second floor where the time clock was located. They would then collect their personal belongings and walk back downstairs to front door, which was the only exit Defendant permitted them to leave through at end of their shifts. Upon reaching the front door, which was locked, Plaintiff and his co-workers were then required to wait 5 to 20 minutes or longer until a manager or security personnel was free to let him and his co-workers out. Plaintiff and the other Associates were not paid for this time despite being subject to Defendant's control and the such wait time was for Defendant's benefit. Plaintiff generally worked one to three closing shifts per week, resulting in an hour or more of uncompensated wait time per week during his weeks worked between August to October 2019.

14. As a result, Defendant also failed to pay Plaintiff and other similarly situated Associates whose employment was terminated during the statutory period all wages due and owing. Specifically, Defendant did not pay them for all time spent waiting to be released from Defendant's Club locations at the end of their closing shifts.

15. Also, as a result of this uncompensated wait time, the wage statements Defendant provided to Plaintiff and the members of the putative class were inaccurate because they did not show all hours worked or the applicable rates, including overtime compensation incurred.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

17. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendant had a consistent policy or practice of failing to compensate its non-exempt Associates for all hours worked and under Defendant's control.

18. Accordingly, Plaintiff and the members of the class have been denied the wages and other benefits to which they are entitled under California law.
///

## CLASS ACTION ALLEGATIONS

19. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

20. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and/or (b)(3). The class which Plaintiff seeks to represent is composed of, and defined as follows:

> **Plaintiff Class:** All current and former non-exempt employees who worked one or more closing shifts for Defendant in the State of California at any time from four years prior to the filing of this Complaint until the date class notice is provided under Fed. R. Civ. P. 23(c)(2).

21. Plaintiff further seeks to establish a subclass comprised of all members of the putative class who no longer work for Defendant.

22. *Numerosity*. Defendant has employed thousands of "Associates" in California from 2018 through the present. Class members are therefore far too numerous to be individually joined in this lawsuit.

23. *Common Questions of Law and/or Fact*. Common questions of law and/or fact exist as to the members of the Class and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the Class. The common questions include the following:

   a. Whether Plaintiff and members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

   b. Whether Defendant has a policy and/or practice of requiring Plaintiff and members of the Plaintiff Class to be under the control of, spend time primarily for the benefit of, and work for Defendant off-the-clock and without compensation;

   c. Whether Defendant failed to compensate Plaintiff and members of the Plaintiff Class for all hours worked in violation of the Labor Code and Wage Orders;

        d.      Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with all wages owed at termination of employment; and

        e.      Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief.

24. *Typicality*. The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class and Former Employee Sub Class. Defendant's common course of conduct in failing to compensate Plaintiff and Class Members for time spent waiting to be released from Defendant's club locations at the end of closing shifts caused Plaintiff and the Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class.

25. *Adequacy of Representation*. Plaintiff is an adequate representative of the proposed classes because he is a member of the classes, and his interests do not conflict with the interests of the class members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

26. *Superiority of Class Action*. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Furthermore, individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive

supervision by a single court, and avoids the problem of inconsistent judgments.

27. *Appropriateness of Injunctive or Declaratory Relief*. Final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole. Defendants have acted or refused to act on grounds that apply generally to the Class, such that final injunctive relief or corresponding declaratory relief may be properly applied to the Class as a whole.

# FIRST CAUSE OF ACTION

## Failure to Pay Minimum Wages in Violation of

## California Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1

### (On Behalf of Plaintiff and the Members of the Plaintiff Class)

28. Plaintiff hereby realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

29. At all times relevant hereto, California Labor Code §§1182.11, 1182.12 and 1197 and the Minimum Wage Order were in full force and effect and required that the members of the Plaintiff Class receive at least the minimum wage for all hours worked.

30. "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

31. The right to minimum wage cannot be waived. California Labor Code §1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

32. Defendant willfully engaged in and continues to engage in a policy and

1  practice of not compensating Plaintiff and members of the Plaintiff Class for all hours
2  worked or spent in its control.

3      33.    As set forth above, Plaintiff alleges that Defendant, as a matter of policy
4  and/or practice, Defendant required Plaintiff and the members of the Plaintiff Class, to
5  remain under Defendant's control after they are clocked out at the end of their shift
6  without pay, which uncompensated wait time typically ranges from 5 to 20 minutes or
7  longer per closing shift worked.

8      34.    Defendants' failure to compensate Plaintiff and the members of the
9  Plaintiff Class at all for this time results in the denial of the Class Members' statutorily-
10 mandated minimum wages for those periods of work, in violation of the Labor Code
11 provisions cited herein.

12     35.    Because of Defendant's policies and practices with regard to
13 compensating Plaintiff and the members of the Plaintiff Class, Defendants have failed
14 to pay minimum wages as required by law. Plaintiff and members of the Plaintiff Class
15 frequently work time for which they are compensated below the statutory minimum, as
16 determined by the Industrial Welfare Commission.

17     36.    Labor Code §1194.2 provides that, in any action under §1194 to recover
18 wages because of the payment of a wage less than minimum wage fixed by an order of
19 the commission, an employee shall be entitled to recover liquidated damages in an
20 amount equal to the wages unlawfully unpaid and interest thereon.

21     37.    Pursuant to Labor Code §218.6 or Civil Code §3287(a), Plaintiff and other
22 members of the Class are entitled to recover pre-judgment interest on wages earned, but
23 not paid every pay period.

24     38.    As a direct and proximate result of the unlawful acts and/or omissions of
25 Defendant, Plaintiff and members of the Plaintiff Class have been deprived of minimum
26 wages in an amount to be determined at trial, and are entitled to a recovery of such
27 amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit
28 pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

39. Wherefore, Plaintiff and the members of the Plaintiff Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

**Failure to Pay Regular Rates for All Hours Worked in Violation of California Labor Code §, 204, and 221-223**

**(On Behalf of Plaintiff and the Members of the Plaintiff Class)**

40. Plaintiff hereby realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

41. At all times relevant hereto, California Labor Code §§221-223 prohibit employers from withholding and deducting wages, or otherwise artificially lowering the wage scale of an employee.

42. As set forth above, Plaintiff alleges that as a matter of policy and/or practice, Defendant required Plaintiff and the members of the Plaintiff Class, to remain under Defendant's control after they are clocked out at the end of their closing shifts to be released from Defendant's Club locations without pay, which resulted in uncompensated wait time ranging from 5 to 20 minutes or longer per closing shift worked.

43. By failing and refusing to compensate Plaintiff and the members of the Plaintiff class for time spent off-the-clock but subject to Defendant's control while waiting to be released after closing shifts, Defendant has paid less than the agreed upon compensation owed to Plaintiff and the members of the Plaintiff Class for such uncompensated work, while purporting to pay the designated wage scale.

44. Pursuant to Labor Code §218.6 or Civil Code §3287(a), Plaintiff and other members of the Plaintiff Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

45. As a proximate result of these violations, Defendant has damaged Plaintiff and the Class in amounts to be determined according to proof at trial.

46. Defendant is liable to Plaintiff and the Plaintiff Class for unpaid

compensation, penalties, interest and attorneys' fees and costs set forth below.

47. Wherefore, Plaintiff and the members of the Plaintiff Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Compensation in Violation of**

**California Labor Code §§ 510, 515.5, 1194, and 1198 *et seq*.**

**(On Behalf of Plaintiff and the Members of the Plaintiff Class)**

48. Plaintiff hereby realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

49. California Labor Code §§ 510 and 1198, and the IWC Wage Order provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in any workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

50. As set forth above, Plaintiff alleges that as a matter of policy and/or practice, Defendant required Plaintiff and the members of the Plaintiff Class, to remain under Defendant's control after they are clocked out at the end of their closing shifts to be released from Defendant's Club locations without pay, which resulted in uncompensated wait time ranging from 5 to 20 minutes or longer per closing shift worked.

51. By failing and refusing to compensate Plaintiff and the members of the Plaintiff Class for time spent off-the-clock but subject to Defendant's control while waiting to be released after closing shifts, Defendant has regularly required Plaintiff and members of the Plaintiff Class to work in excess of eight hours per day and/or forty hours per week, but did not compensate them at an overtime rate for all of this work. On information and belief, as a result of this unpaid wait time, Plaintiff incurred unpaid overtime during the weeks he worked from August to October of 2019.

52. Thus, Plaintiff and the members of the Plaintiff Class have worked overtime hours for Defendant without being paid overtime premiums in violation of the

Labor Code, applicable IWC Wage Orders, and other applicable law.

53. Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff and the members of the Plaintiff Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff and the members of the Plaintiff Class in amounts to be determined according to proof at time of trial.

54. Defendant is liable to Plaintiff and the members of the Plaintiff Class alleged herein for the unpaid overtime with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

55. Wherefore, Plaintiff and the members of the Plaintiff Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

**Failure to Pay Wages at Time of Termination of Employment**

**In Violation of Cal. *Labor Code* Sections 201-203**

**(On Behalf of Plaintiff and Members of the Former Employee Sub Class)**

56. Plaintiff hereby realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

57. At all times, relevant herein, Defendant were required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

58. As a pattern and practice, Defendant regularly failed to pay Plaintiff and the members of the Former Employee Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

59. These payments should include compensation that should have been paid due to time worked "off the clock" which was not paid to Plaintiff and members of the Plaintiff Class.

60. Defendants' conduct as herein alleged has damaged Plaintiff and the

members of the Former Employee Sub Class by willfully failing to pay all wages due in a timely manner at the time of termination of employment. Defendant's actions are thus substantially injurious to Plaintiff and the members of the Former Employee Sub Class, causing them injury in fact and loss of money.

61. The conduct of Defendant and its agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Former Employee Sub Class.

62. Plaintiff is informed and believes, and based thereon alleges, that Defendant's willful failure to pay wages due and owing upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.

63. As a result, Defendant is liable to Plaintiffs and the Former Employee Sub Class for waiting time penalties, together with interest thereon, attorneys' fees, and costs of suit, under California Labor Code §203.

64. Wherefore, Plaintiff and the members of and the Former Employee Sub Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

**Failure to Provide Accurate, Itemized Wage Statements**

**California Labor Code § 226(a)**

**(On Behalf of Plaintiff and the Members of the Plaintiff Class)**

65. Plaintiff hereby realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

66. California Labor Code §226(a) provides that every employer must furnish each employee with an accurate itemized wage statement, in writing, showing nine pieces of information, including: 1) gross wages earned; 2) total hours worked by the employee; 3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis; 4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; 5)

net wages earned; 6) the inclusive dates of the period for which the employee is paid; 7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; 8) the name and address of the legal entity that is the employer; and 9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  California Labor Code §226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty-dollars ($50.00) for the initial violation and one-hundred dollars ($100.00) for each subsequent violation, up to a maximum of four-thousand dollars ($4,000.00).

67. Defendant knowingly, intentionally, and willfully failed to furnish Plaintiff and Plaintiff Class with timely, accurate, itemized statements showing, among others, total hours worked and all applicable rates of pay as required by California Labor Code §226(a).

68. Specifically, Plaintiff and the Plaintiff Class have been injured by Defendant's violation of California Labor Code §226(a) because they have been denied their legal right to receive and their protected interest in receiving, accurate, itemized wage statements, and could not promptly and easily ascertain from the wage statement alone the total number of hours worked, and the hourly rates in effect during each pay period, among other required information.

69. Plaintiff and the Plaintiff Class have also been injured as a result of having to bring this action to obtain correct wage information following Defendants' refusal to comply with many requirements of the California Labor Code.  As a result, Defendants are liable to Plaintiff and Class Members, for the amounts, penalties, attorneys' fees, and costs of suit provided by California Labor Code §226(e) and California Labor Code §2699(a).

70. Plaintiff, on behalf of himself and the proposed Class, requests an

assessment of penalties as stated herein and other relief as described below.

## SIXTH CAUSE OF ACTION

**Unfair Competition and Unlawful Business Practices**

**California Business and Professions Code §§ 17200, et seq.**

**(On Behalf of Plaintiff and the Members of the Plaintiff Class)**

71. Plaintiff hereby realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

72. California Business and Professions Code §17200 defines unfair competition to include, "unlawful, unfair or fraudulent business practices."

73. Plaintiff and all proposed Class members are "persons" within the meaning of Business and Professions Code §17204, who have suffered injury in fact and have lost money or property as a result of Defendants' unfair competition.

74. Defendant has been committing, and continues to commit, acts of unfair competition by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

    a. violations of California Labor Code §§ 1197, 1197.1, 1198;

    b. violations of California Labor Code § 510;

    c. violations of California Labor Code §§ 204, 221-223;

    d. violations of California Labor Code §§ 1174 and 1174.5;

    e. violations of California Labor Code §226; and

    f. violations of California Labor Code §§ 201-203.

75. Plaintiff reserves the right to identify additional unfair and unlawful practices by Defendant as further investigation and discovery warrants.

76. As a result of its unlawful and/or unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class members. Defendant's unlawful and/or unfair conduct has also enabled Defendant to gain an unfair competitive advantage over law-abiding employers and competitors. Defendant must be enjoined from this activity and made to restore to

Plaintiff and proposed Class members their wrongfully withheld wages, interest thereon, and related statutory penalties, pursuant to Business and Professions Code §§ 17202 and 17203.

77. Business and Professions Code §17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices.

78. Plaintiff seeks a court order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to himself and members of the proposed Class, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

79. Plaintiff, on behalf of himself and the proposed Class, requests restitution of unpaid wages, injunctive relief and other relief as described below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

a. For an order certifying the proposed Plaintiff Class and the Former Employee Sub Class;

b. For an order awarding Plaintiff and the class members compensatory damages, statutory penalties, including lost wages, earnings, liquidated damages, penalties, and other employee benefits, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and class members, together with interest on these amounts according to proof;

c. That the Court find that Defendant has been in violation of applicable provisions of the California Labor Code and IWC Wage Order by failing to pay each member of the proposed Class for all hours worked, including minimum wages and wages at the designated rate and overtime;

1.     d.    That the Court find that Defendant has been in violation of California Labor Code §§201 and 202 and therefore owes waiting time penalties under California Labor Code §203 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiff and other members of the formerly employed subclass;

e. That the Court find that Defendants have been in violation of California Labor Code § 226 by failing to timely furnish Plaintiff and members of the Class with itemized statements accurately showing the total hours worked and wages earned by each of them during each pay period;

f. That the Court find that Defendant has committed unfair and unlawful business practices, in violation of California Business and Professions Code §17200, *et seq.*, by its violations of the Labor Code and Wage Orders as described above;

g. That the Court order an accounting of the payroll records to determine what restitution is owed and to whom, pursuant to California Business and Professions Code §17203;

h. That the Court award to Plaintiff and the proposed Class members compensation and restitution for all wages owed, including minimum wages, wages at the designated rate, and overtime;

i. Prejudgment and post judgment interest on all sums awarded;

j. For costs of suit and expenses incurred herein pursuant to California Labor Code §§ 1194 2699 (g) (1);

k. Attorneys' fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to California Labor Code §§ 1194(a) and Cal. Code of Civil Procedure §1021.5, and any other such provision as may be applicable; and

///

l. For all such other and further relief that the Court may deem just and proper.

DATED: June 23, 2021

**BRADLEY/GROMBACHER, LLP**
**MAJARIAN LAW GROUP APC**

By: */s/ Kiley L. Grombacher*

Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.
Lirit A. King, Esq.
Sahag Majarian, II, Esq.
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: June 23, 2021

**BRADLEY/GROMBACHER, LLP**
**MAJARIAN LAW GROUP APC**

By: */s/ Kiley L. Grombacher*

Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.
Lirit A. King, Esq.
Sahag Majarian, II, Esq.
*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT