Paloma P. Peracchio CA Bar No. 259034
paloma.peracchio@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213-239-9800
Facsimile:   213-239-9045

Mitchell A. Wrosch CA Bar No. 262230
mitchell.wrosch@ogletree.com
Alis M. Moon CA Bar No. 293897
alis.moon@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant
Sam's West, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARLOS SANCHEZ, individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAM'S WEST, INC. dba SAM'S CLUB, an Arkansas corporation,<br><br>Defendant. | Case No. 2:21-cv-05122-SVW-JC<br><br>**DEFENDANT SAM'S WEST, INC.'S EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>[*Concurrently filed with Opposition to Motion for Renewed Class Certification; Summary of Evidence; and Appendix of Evidence*]<br><br><br><br>Complaint Filed: June 23, 2021<br>Trial Date:          None Set<br>District Judge:     Hon. Stephen V. Wilson<br>Magistrate Judge: Hon. Jacqueline Chooljian |

Pursuant to California Rules of Court, Defendant Sam's West, Inc. ("Defendant") submits its evidentiary objections to the evidence submitted by Plaintiff Carlos Sanchez ("Plaintiff") in Support of his Renewed Motion for Class Certification:

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|-----|---------------------------------------|----------------------|
| 1. | Declaration of Plaintiff Carlos Sanchez, ¶ 11; ECF No. 96 at 697.<br><br>"The managers knew this was happening routinely but the culture at Sam's was such that we did not feel like we could complain too much. Basically it was understood that you don't mess with managers or COS's because they control your job and you don't want them to cut your hours when you have bills to pay." | Sam's Club objects on the grounds that Plaintiff's statement is speculative and lacks foundation because there is no factual basis for Plaintiff's conclusion that "[t]he managers knew this was happening routinely," that "the culture at Sam's was such that we did not feel like we could complain too much" and that "it was understood that you don't mess with your managers or COS's." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained: _____**<br>**Overruled: _____** |
| 2. | Declaration of Cheryl Janean Duff, ¶ 9, ECF No. 96 at 701. | |

Case No. 2:21-cv-05122-SVW-JC
EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|-----|------------------------------------------|------------------------|
|  | "After I clocked out, I then would walk to the front of the store, but I was prohibited from leaving the building on my own by Sam's." | Sam's Club objects on the grounds that Ms. Duff's statement is speculative and lacks foundation because there is no factual basis for her contention that she "was prohibited from leaving the building on [her] own by Sam's." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 3. | Declaration of Cheryl Janean Duff, ¶ 12, ECF No. 96 at 702.<br><br>"A couple of times, when the wait time was exceptionally long, I or one of my coworkers would complain to the Closing Manager (Vanessa or Miguel) when they showed up to open the door. Generally, when someone complained about the unpaid wait time, the response was simply to laugh it off or they would tell us they were | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the "coworkers" that would complain or the managers that they allegedly complained to. There is also no evidence that a manager or agent authorized to speak for Sam's Club laughed or told employees that they |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S
EVIDENCE IN SUPPORT OF HIS RENEWED MOTION
FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | busy with other work and got to us as soon as they could. On the times when I complained or witnessed by co-workers complaining, no manager ever told us we could submit a time adjustment to be paid for the time." | were busy with other work in response to her alleged complaints. (Fed. R. Evid. 802.)<br><br>**Ruling:**<br>Sustained: _____<br>Overruled: _____ |
| 4. | Declaration of Emmanuel Garcon, ¶ 8, ECF No. 96 at 705-706.<br><br>"Management is aware of the fact that we have to wait before they come to unlock the doors because I routinely have to call them on the radio and tell them I am waiting to be let out of the store. My colleagues and I frequently complain amongst each other about the unpaid wait times because we just want to go home after our shifts." | Sam's Club objects on the grounds that Mr. Garcon's statement is speculative and lacks foundation because there is no factual basis for his contention that [m]anagement is aware of the fact that we have to wait before they come to unlock the doors[.]" (Fed. R. Evid. 602.)<br><br>Sam's Club further objects on the grounds that it constitutes inadmissible hearsay by failing to identify the individuals of "[m]anagement" and Mr. Garcon's "colleagues." (Fed. R. Evid. 802.) |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | **Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 5. | Declaration of Holly Wagoner, ¶ 7, ECF No. 96 at 709.<br><br>"It was Sam's policy that all employees exit through the main doors after finishing their shifts. However, we were only permitted to leave once we could find someone to let us out of the store." | Sam's Club objects on the grounds that Ms. Wagoner's statement is speculative and lacks foundation because there is no factual basis for her contention that "[i]t was Sam's policy that all employees exit through the main doors after finishing their shifts" and that they "were only permitted to leave once [they] could find someone to let us out of the store." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 6. | Declaration of Holly Wagoner, ¶ 8, ECF No. 96, at 709. | |

Case No. 2:21-cv-05122-SVW-JC
EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S
EVIDENCE IN SUPPORT OF HIS RENEWED MOTION
FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | "After clocking out, I would be told by a manager to find someone with a key to let me out of the store." | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the manager who allegedly told Ms. Wagoner to find someone with a key to let her out of the store. There is also no evidence that a manager or agent authorized to speak for Sam's Club told Ms. Wagoner that she needed to find someone with a key to let her out of the store. (Fed. R. Evid. 802.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 7. | Declaration of Seth Thomas Keller, ¶ 9, ECF No. 96, at 713.<br><br>"After I clocked out, I then would walk to the front of the store, but I was prohibited from leaving the building on my own by Sam's." | Sam's Club objects on the grounds that Mr. Keller's statement is speculative and lacks foundation because there is no factual basis for his contention that he was "prohibited from leaving the building on [his] own by Sam's." (Fed. R. Evid. 602.) |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
|  |  | **Ruling:** Sustained: _____ Overruled: _____ |
| 8. | Declaration of Michael Schirato, ¶ 7, ECF No. 96, at 717.  "We were only permitted to clock out in this breakroom which was located on the main floor, but wasn't near the exit doors." | Sam's Club objects on the grounds that Mr. Schirato's statement is speculative and lacks foundation because there is no factual basis for his contention that they "were only permitted to clock out in this breakroom." (Fed. R. Evid. 602.)  **Ruling:** Sustained: _____ Overruled: _____ |
| 9. | Declaration of Michael Schirato, ¶ 10, ECF No. 96, at 718.  "I never complained to management because I was worried that if I complained my job would be in jeopardy. I also never asked my | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify which individuals from "management made |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | manager to include the waiting time to my recorded hours because management made it very clear to me that overtime was discouraged. Further, I was told by management that I had to clock out right at the end of my scheduled shift." | it very clear to [him] that overtime was discouraged" or told him that he had to clock out right at the end of his scheduled shift. There is also no evidence that a manager or agent authorized to speak for Sam's Club told Mr. Schirato that overtime was discouraged or that he had to clock out right at the end of his scheduled shift. (Fed. R. Evid. 802.) <br><br> Sam's Club further objects on the grounds that Mr. Schirato's statement is speculative and lacks foundation because there is no factual basis for his contention that his job would be jeopardy if he complained, the overtime was discouraged, or that he had to clock out right at the end of his scheduled shift. (Fed. R. Evid. 602.) <br><br> **Ruling:** <br> **Sustained: _____** <br> **Overruled: _____** |

Case No. 2:21-cv-05122-SVW-JC

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| 10. | Declaration of Willandra Shyne, ¶ 7, ECF No. 96, at 721-722.<br><br>"Sam's did not permit me to just leave the store after clocking out." | Sam's Club objects on the grounds that Ms. Shyne's statement is speculative and lacks foundation because there is no factual basis for her contention that "Sam's did not permit [her] to just leave the store after clocking out." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
| 11. | Declaration of Willandra Shyne, ¶ 9, ECF No. 96, at 722.<br><br>"We would often complain to the managers who eventually came and unlocked the door for us, saying 'we've been waiting her ready to leave.' Although they [sic] managers would say they were 'sorry' about the wait, they never offered to pay us for | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the other employees that allegedly complained and the managers that Ms. Shyne and her colleagues allegedly complained to about waiting. (Fed. R. Evid. 802.) |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | our time and the situation continued on." | **Ruling:** **Sustained:** \_\_\_\_\_ **Overruled:** \_\_\_\_\_ |
| 12. | Declaration of Julie Halliburton, ¶ 9, ECF No. 96, at 725-726. "After I clock out, I then walk to the front of the store, but I am prohibited from leaving the building on my own by Sam's." | Sam's Club objects on the grounds that Ms. Halliburton's statement is speculative and lacks foundation because there is no factual basis for her contention that she was "prohibited from leaving the building on [her] own by Sam's." (Fed. R. Evid. 602.) **Ruling:** **Sustained:** \_\_\_\_\_ **Overruled:** \_\_\_\_\_ |
| 13. | Declaration of Julie Halliburton, ¶ 12, ECF No. 96, at 726. "A couple of time, when the wait time was exceptionally long, I or one of my | Sam's Club  objects on the grounds that Ms. Halliburton's statement is |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | coworkers would complain amongst ourselves. I also complained to my Manager Sheila about my schedule because my shift often ended a quarter past the hour and this caused me to wait longer for a Manager to unlock the door than when my shifts ended on the hour." | speculative and lacks foundation because there is no factual basis for her contention that her schedule caused her "to wait longer for a Manager to unlock the door." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 14. | Declaration of Andrew Tovar, ¶ 7, ECF No. 96, at 729.<br><br>"It was Sam's policy that we could only exit through the front doors and needed to find a manager to come unlock the doors to let us out of the store." | Sam's Club objects on the grounds that Mr. Tovar's statement is speculative and lacks foundation because there is no factual basis for his contention that it was "Sam's policy that we could only exit through the front doors and needed to find a manager to come unlock the doors to let us out of the store." (Fed. R. Evid. 602.)<br><br>**Ruling:** |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | **Sustained:** _____ <br> **Overruled:** _____ |
| 15. | Declaration of Andrew Tovar, ¶ 10, ECF No. 96, at 730. <br><br> "I did complain to management about the unpaid wait time in passing, but they would just brush it off and never did anything to fix the situation. I also heard some of my colleagues complain to management, but nothing ever changed so I know that management ignored their concerns." | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the individuals from "management" that Mr. Tovar allegedly complained to in passing. Mr. Tovar also fails to identify the colleagues that he allegedly heard complain to management. (Fed. R. Evid. 802.) <br><br> Sam's Club further objects on the grounds that Mr. Tovar's statement is speculative and lacks foundation because there is no factual basis for his contention that "management ignored their concerns." (Fed. R. Evid. 602.) <br><br> **Ruling:** <br> **Sustained:** _____ |

Case No. 2:21-cv-05122-SVW-JC

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | **Overruled:** _____ |
| 16. | Declaration of Andrew Tovar, ¶ 11, ECF No. 96, at 730.<br><br>"It was really difficult raising any concerns with management because I had complained about other things in the past, and my concerns were always ignored. This also made it difficult to try and ask for a time adjustment for all of the time I spent off the clock waiting to leave the store." | Sam's Club objects on the grounds that Mr. Tovar's statement is speculative and lacks foundation because there is no factual support for his contention that his concerns were always ignored by management or that it was difficult to ask for a time adjustment. (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 17. | Declaration of Pablo Olavarria, Jr., ¶ 12, ECF No. 96, at 734.<br><br>"The managers knew that employees were waiting." | Sam's Club objects on the grounds that Mr. Olavarria's statement is speculative and lacks foundation because there is no factual basis for his contention that "managers knew |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | that employees were waiting." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>Sustained: _____<br>Overruled: _____ |
| 18. | Declaration of Pablo Olavarria, Jr., ¶ 13, ECF No. 96, at 734.<br><br>"I, along with others, made complaints to management. We said we wanted to go home to our families and were waiting a long time…I couldn't understand why I typically was prohibited from submitted [sic] a time adjustment or clocking out right before I exited the store and why my co-workers, who complained of the same thing, were also not paid for this time." | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the individuals of "management" that Mr. Olavarria or his colleagues allegedly complained to, nor does he identify the coworkers who allegedly complained to managers. (Fed. R. Evid. 802.)<br><br>Sam's Club further objects on the grounds that Mr. Olavarria's statement is speculative and lacks foundation because there is no support for his contention that he was prohibited from submitting a time |

13

Case No. 2:21-cv-05122-SVW-JC

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | adjustment or clocking out right before he exited the store. (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 19. | Declaration of Lorraine Rigoli, ¶ 8, ECF No. 96, at 737.<br><br>"Sam's did not permit us to leave the store freely. Instead, in order to be let out, we had to find a manager to unlock the front door so that we could leave the building." | Sam's Club objects on the grounds that Ms. Rigoli's statement is speculative and lacks foundation because there is no factual basis for her contention that "Sam's did not permit [them] to leave the store freely." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 20. | Declaration of Lorraine Rigoli, ¶ 9, ECF No. 96, at 737. | |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | "When the manager would come to unlock the door, we would often complain about having to wait to be let out of the store but the response was simply that they 'were busy' with their other work. I recall that one time, a coworker asked if their clock out time could be adjusted due to the wait time, but we were told an adjustment could only be done if we waited more than 15 minutes and we needed to get a manager's approval first." | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the manager that Ms. Rigoli and other employees allegedly complained to about having to wait to be let out of the store. Further, Ms. Rigoli fails to identify the other employees that allegedly complained. Moreover, Ms. Rigoli fails to identify that coworker that allegedly asked if their clock out time could or adjusted or the individual that allegedly told this unknown coworker that they could only adjust their time if they waited more than 15 minutes and needed to get approval. Finally, there is also no evidence that a manager or agent authorized to speak for Sam's Club told Ms. Rigoli's unidentified coworker that they could only submit a time adjustment if they waited more than 15 minutes and received a manager's approval. (Fed. R. Evid. 802.) |

15

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | **Ruling:** <br> **Sustained: _____** <br> **Overruled: _____** |
| 21. | Declaration of Armando Cortes Toscano, ¶ 9, ECF No. 96, at 742. <br><br> "Management was aware that we would all be waiting to be let out because they would see us standing at the doors after almost every closing shift. I did not complain to management because I was worried about making a bad impression and was worried about losing my job." | Sam's Club objects on the grounds that Mr. Cortes' statement is speculative and lacks foundation because there is no factual basis for his contention that "[m]anagement was aware that we would all be waiting to be let out." (Fed. R. Evid. 602.) <br><br> Sam's Club further objects on the grounds that Mr. Cortes' statement is speculative and lacks foundation because there is no factual basis for his contention that he was worried about "making a bad impression and was worried about losing [his] job." (Fed. R. Evid. 602.) |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | **Ruling:** Sustained: _____ Overruled: _____ |
| 22. | Declaration of Jessica Butler, ¶ 5, ECF No. 96, at 745.<br><br>"It was Sam's policy that we could only leave through the front entrance doors after our shift." | Sam's Club objects on the grounds that Ms. Butler's statement is speculative and lacks foundation because there is no factual basis for Ms. Butler's statement that it was Sam's Club's [statewide] policy that they could only leave through the front entrance. (Fed. R. Evid. 602.)<br><br>**Ruling:** Sustained: _____ Overruled: _____ |
| 23. | Declaration of Jessica Butler, ¶ 8, ECF No. 96, at 746.<br><br>"I did frequently complain to management about the waiting time, but they would either ignore my complaints or respond by saying that | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the individuals from "management." Ms. Butler also fails to identify the "other |

Case No. 2:21-cv-05122-SVW-JC

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | the managers will let us out of the store when they can. I also heard other employees complain to management, although nothing was ever done to remedy the situation." | employees" that allegedly complained to "management." There is also no evidence that a manager or agent authorized to speak for Sam's Club told Ms. Butler that "the managers will let us out of the store when they can." (Fed. R. Evid. 802.) **Ruling:** **Sustained: _____** **Overruled: _____** |
| 24. | Declaration of Jessica Butler, ¶ 9, ECF No. 96, at 746. "It was also generally known amongst employees that Sam's would limit the amount of overtime employees could earn, and employees could not earn any overtime approved by a store manager. It was also generally known that Sam's would penalize employees who earned more than 8 minutes of overtime." | Sam's Club objects on the grounds that Ms. Butler's statement is speculative and lacks foundation because there is no factual basis for Ms. Butler's statement that it was "generally known" that Sam's Club would limit the amount of overtime employees could earn, that employees could not earn an overtime unapproved by a store manager, or that it would penalize employees who |

18

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S
EVIDENCE IN SUPPORT OF HIS RENEWED MOTION
FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | earned more than eight minutes of overtime. (Fed. R. Evid. 602.) **Ruling:** **Sustained:** _____ **Overruled:** _____ |
| 25. | Declaration of Carrie Codiroli-Aquino, ¶ 7, ECF No. 96, at 749. "It was the Palm Desert store's policy that we could only exit through the main exit doors and had to wait for a manager to unlock the doors before we could leave." | Sam's Club objects on the grounds that Ms. Codiroli-Aquino's statement is speculative and lacks foundation because there is no factual basis for Ms. Codiroli-Aquino's statement that it was "the Palm Desert store's policy" that employees had to wait for a manager to unlock the doors before they could leave. (Fed. R. Evid. 602.) **Ruling:** **Sustained:** _____ **Overruled:** _____ |
| 26. | Declaration of Carrie Codiroli-Aquino, ¶ 11, ECF No. 96, at 750. | |

19

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | "I frequently complained to my manager Susan, but I was told that it was just the way it was and that managers would only come once to unlock the doors when everyone was clocked out ready to leave. I also heard several of my colleagues complain to management, but nothing was ever done to rectify the situation." | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify her "other colleagues" that allegedly complained to management. There is also no evidence that a manager or agent authorized to speak for Sam's Club told Ms. Codiroli-Aquino that "managers would only come once to unlock the doors when everyone was clocked out ready to leave." (Fed. R. Evid. 802.)<br><br>**Ruling:**<br>**Sustained: \_\_\_\_\_**<br>**Overruled: \_\_\_\_\_** |
| 27. | Declaration of Carrie Codiroli-Aquino, ¶ 12, ECF No. 96, at 750.<br><br>"When I was hired at Sam's Club I was informed by management that I had to clock out at the end of my scheduled shift time no matter what. Management told me that I was not permitted to incur overtime unless it | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the individuals from "management." There is also no evidence that a manager or agent authorized to speak |

Case No. 2:21-cv-05122-SVW-JC
EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | was approved in advance or we would get written up." | for Sam's Club told Ms. Codiroli-Aquino that she had to clock out at the end of her scheduled shift and was not permitted to incur overtime. (Fed. R. Evid. 802.)<br><br>Sam's Club objects on the grounds that Ms. Codiroli-Aquino's statement is speculative and lacks foundation because there is no factual basis for Ms. Codiroli-Aquino's contention that she would get written up if she worked overtime that was not approved in advance. (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained: _____**<br>**Overruled: _____** |
| 28. | Declaration of Carrie Codiroli-Aquino, ¶ 13, ECF No. 96, at 750.<br><br>"Shortly after I was hired at Sam's I did ask management about getting paid for the time I spent off-the-clock | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the |

21

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | waiting for a manager to let me out of the store. I was told by management that I was not allowed to be paid for this time." | individuals from "management." There is also no evidence that a manager or agent authorized to speak for Sam's Club told Ms. Codiroli-Aquino that she was not allowed to be paid for time spent off the clock waiting for a manager to let her out of the store. (Fed. R. Evid. 802.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 29. | Declaration of Juan Carlos Freyre Jr., ¶ 10, ECF No. 96, at 755.<br><br>"After I clocked out, I would then walk to the front of the store, but I was prohibited from leaving the building on my own by Sam's." | Sam's Club objects on the grounds that Mr. Freyre's statement is speculative and lacks foundation because there is no factual basis for his contention that he was "prohibited from leaving the building on [his] own by Sam's." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained:** _____ |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | **Overruled:** _____ |
| 30. | Declaration of Juan Carlos Freyre Jr., ¶ 13, ECF No. 96, at 755.<br><br>"Those of us who were waiting complained about the unpaid wait amongst ourselves." | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the other individuals who allegedly complained. (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 31. | Declaration of Nelly Wyss, ¶ 6, ECF No. 96, at 758.<br><br>"It was the Riverside store's policy that all employees had to exit through the main exit doors and wait for a manager to come let us out." | Sam's Club objects on the grounds that Ms. Wyss' statement is speculative and lacks foundation because there is no factual basis for her contention that it "was the Riverside store's policy that all employees had to exit through the main exit doors and wait for a |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | manager to come let [them] out." (Fed. R. Evid. 602.) <br><br> **Ruling:** <br> Sustained: _____ <br> Overruled: _____ |
| 32. | Declaration of Nelly Wyss, ¶ 9, ECF No. 96, at 759. <br><br> "During my last few weeks of employment with Sam's, I remained clocked in until I saw a manager approaching the doors. I would then go to the break room, which was near the front of the store and clock out. I was reprimanded by my manager and informed that remaining on the clock while waiting to be let out was not permitted by Sam's and that I had to clock out at the end of my scheduled shift." | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the manager who allegedly reprimanded Ms. Wyss and informed her that remaining on the clock while waiting to be let out was not permitted by Sam's and that she had to clock out at the end of her scheduled shift. There is also no evidence that a manager or agent authorized to speak for Sam's Club told Ms. Wyss that waiting to be let out was not permitted by Sam's or that Ms. Whitlock had to clock out at the end of her scheduled shift. (Fed. R. Evid. 802.) |

24

Case No. 2:21-cv-05122-SVW-JC

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | **Ruling:** <br> **Sustained:** \_\_\_\_\_ <br> **Overruled:** \_\_\_\_\_ |
| 33. | Declaration of Jonathan Cortijo, ¶ 4, ECF No. 96, at 762. <br><br> "While working this shift I would see the closing shift employees wait around for someone to let them out after clocking out for the day. I would also sometimes hear those employees calling for Managers over the PA system to be let out." | Sam's Club objects on the grounds that Mr. Cortijo's statement is speculative and lacks foundation because there is no factual basis for his contention that employees were waiting off the clock for someone to let them out of the club. (Fed. R. Evid. 602.) <br><br> Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify employees that were allegedly calling for "Managers" over the PA system. (Fed. R. Evid. 802.) <br><br> **Ruling:** <br> **Sustained:** \_\_\_\_\_ |

25

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | | **Overruled:** _____ |
| 34. | Declaration of Jonathan Cortijo, ¶ 11, ECF No. 96, at 763.

"After I clocked out, I was prohibited by Sam's from leaving the building." | Sam's Club objects on the grounds that Mr. Cortijo's statement is speculative and lacks foundation because there is no factual basis for his contention that he "was prohibited by Sam's from leaving the building." (Fed. R. Evid. 602.)

**Ruling:**
**Sustained:** _____
**Overruled:** _____ |
| 35. | Declaration of Jonathan Cortijo, ¶ 13, ECF No. 96, at 763-764.

"There was always a manager or shift leader involved in the process who was aware that I and my co-workers would often wait such long periods of time to be let out of the store after clocking out. My co-workers and I also frequently complained about this | Sam's Club objects on the grounds that Mr. Cortijo's statement is speculative and lacks foundation because there is no factual basis for his contention that "[t]here was always a manager or shift leader…who was aware that I and my |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | unpaid time among ourselves and on a least one occasion I recall bringing the issue to the attention of the shift lead, but nothing was ever done to fix the situation which was very frustrating." | co-workers would often wait such long periods of time to be let out of the store after clocking out." Also lacks foundation and is speculative as to the statement that "nothing was ever done to fix the situation[.]" (Fed. R. Evid. 602.)<br><br>Sam's Club further objects on the grounds that it constitutes inadmissible hearsay by failing to identify his co-workers who complained, nor the individuals that he and his co-workers allegedly complained to after which "nothing was ever done". (Fed. R. Evid. 802.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 36. | Declaration of Derrick Maxwell, ¶ 9, ECF No. 96, at 767.<br><br>"After I clocked out, I then would walk to the front of the store, but I was | Sam's Club  objects on the grounds that Mr. Maxwell's statement is |

Case No. 2:21-cv-05122-SVW-JC

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | prohibited from leaving the building on my own by Sam's." | speculative and lacks foundation because there is no factual basis for his contention that he was "prohibited from leaving the building on [his] own by Sam's." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>Sustained: _____<br>Overruled: _____ |
| 37. | Declaration of Michael J. Ditullio, ¶ 10, ECF No. 96, at 771-772.<br><br>"After I clocked out, I would then walk to the front of the store, but it was Sam's policy that I was prohibited from leaving the building on my own s and [sic] since the exit door was locked and no one with the ability to unlock it was present near the door, I would have to stand there and wait." | Sam's Club objects on the grounds that Mr. Ditullio's statement is speculative and lacks foundation because there is no factual basis for his contention that it was Sam's Club's policy that he was "prohibited from leaving the building on [his] own." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>Sustained: _____<br>Overruled: _____ |

Case No. 2:21-cv-05122-SVW-JC
EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| 38. | Declaration of Michael J. Ditullio, ¶ 13, ECF No. 96, at 772.<br><br>"A couple of times, when the wait time was exceptionally long, I or one of my coworkers would complain to the Closing Manager Sonia about it as we called her over on the walkie talkie. Generally, when someone complained about the wait time, the response was that they'll be there in a minute." | Sam's Club objects on the grounds that it constitutes inadmissible hearsay because there is no evidence that a manager or agent authorized to speak for Sam's Club told Mr. Ditullio that "they'll be there in a minute." Sam's Club also objects on these grounds because Mr. Ditullio fails to identify the "coworkers" who allegedly complained. (Fed. R. Evid. 802.)<br><br>**Ruling:**<br>**Sustained: _____**<br>**Overruled: _____** |
| 39. | Declaration of Yolanda Martinez, ¶ 9, ECF No. 96, at 776.<br><br>"I complained more than once to management about having to wait long periods for a manager to come and let me out of the store. I would | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the individuals of "management" that she |

Case No. 2:21-cv-05122-SVW-JC

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S
EVIDENCE IN SUPPORT OF HIS RENEWED MOTION
FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | also see other people complain to management. However, management would typically laugh at our complaints or not respond. They acted like it was no big deal and just part of the job." | allegedly complained to or the other employees that she allegedly saw complain to management. There is also no evidence that a manager or agent authorized to speak for Sam's Club "acted like it was no big deal and just part of the job." (Fed. R. Evid. 802.) Sam's Club further objects on the grounds that Ms. Martinez's statement is speculative and lacks foundation because there is no factual basis for her contention that management "acted like it was no big deal and just part of the job." (Fed. R. Evid. 602.) **Ruling:** **Sustained: _____** **Overruled: _____** |
| 40. | Declaration of Yolanda Martinez, ¶ 10, ECF No. 96, at 776. "One time, I was so fed up that I remained clocked in until someone | Sam's Club  objects on the grounds that  Ms.  Martinez's  statement  is |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| | came to the door and then went to go clock out once I saw a manager coming. This got me in trouble, because I incurred overtime, which was strongly discouraged from management. I was told by a manger that I was required to be clocked out at the end of my shift and could not remain clocked in if I was not actively working in the store" | speculative and lacks foundation because there is no factual basis for her contention that she got in trouble for incurring overtime, or that overtime was "strongly discouraged" by management. (Fed. R. Evid. 602.)<br><br>Sam's Club further objects on the grounds that it constitutes inadmissible hearsay by failing to identify the manager that she allegedly spoke with about being required to clock out at the end of her shift, or the "management" that discouraged overtime. There is also no evidence that a manager or agent authorized to speak for Sam's Club told Ms. Martinez that she could not remain clocked in if she was not actively working in the store. (Fed. R. Evid. 802.)<br><br>**Ruling:**<br>**Sustained: _____**<br>**Overruled: _____** |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
| 41. | Declaration of Andrew Nazario, ¶ 8, ECF No. 96, at 780.<br><br>"After I clocked out, I would then walk to the front of the store, but I was prohibited from leaving the building on my own by Sam's." | Sam's Club objects on the grounds that Mr. Nazario's statement is speculative and lacks foundation because there is no factual basis for his contention that he was "prohibited from leaving the building on [his] own by Sam's." (Fed. R. Evid. 602.)<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 42. | Declaration of Andrew Nazario, ¶ 11, ECF No. 96, at 781.<br><br>"Those of us who were waiting complained about the unpaid wait amongst ourselves and sometimes to Hernan when he came to unlock the door." | Sam's Club objects on the grounds that it constitutes inadmissible hearsay by failing to identify the other employees that were allegedly complaining amongst themselves and to "Hernan." (Fed. R. Evid. 802.)<br><br>**Ruling:** |

EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|---|---|---|
|  |  | **Sustained: _____** <br><br> **Overruled: _____** |

DATED: February 7, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Paloma Peracchio*
Paloma P. Peracchio
Mitchell A. Wrosch
Carmen M. Aguado
Attorneys for Defendant
Sam's West, Inc.

Case No. 2:21-cv-05122-SVW-JC
EVIDENTIARY OBJECTIONS TO PLAINTIFF CARLOS SANCHEZ'S EVIDENCE IN SUPPORT OF HIS RENEWED MOTION FOR CLASS CERTIFICATION