PALOMA P. PERACCHIO, CA Bar No. 259034
paloma.peracchio@ogletree.com
CARMEN M. AGUADO, CA Bar No. 291941
carmen.aguado@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:    213-239-9045

MITCHELL A. WROSCH, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant
SAM'S WEST, INC. DBA SAM'S CLUB

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS SANCHEZ, individually and on behalf of other individuals similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>SAM'S WEST, INC. dba SAM'S CLUB, an Arkansas corporation,<br><br>        Defendants. | Case No. 2:21-cv-05122-SVW-JC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DEADLINE TO FILE REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Complaint Filed: June 23, 2021<br>Trial Date:     None<br>District Judge:   Hon. Stephen V. Wilson<br>                  Courtroom 10A, First St.<br>Magistrate Judge: Hon. Jacqueline Chooljian<br>                  Courtroom 750, Roybal |

Case No. 2:21-cv-05122-SVW-JC

## I.   INTRODUCTION

Plaintiff seeks *ex parte* relief to depose witnesses who he has known about since at least March of 2022. There is no emergency justifying such extraordinary relief. *Any* exigency that exists is Plaintiff's own making. This is now Plaintiff's *fourth* attempt to extend the deadlines associated with his Renewed Motion for Class Certification ("Renewed Motion"). Plaintiff's *ex parte* application should be denied.

Plaintiff seeks emergency relief in the form of additional time to prepare his reply to the Opposition to the Renewed Motion, on grounds that he wants to depose 20 of the closing managers and hourly associates who have submitted declarations in support of Sam's Club's Opposition. However, there is no emergency warranting this relief because Plaintiff has been aware of most of these witnesses since 2022, and has inexplicably elected not to depose them until now. For example, Plaintiff seeks to depose closing managers who submitted declarations – but Plaintiff has been aware that closing managers are responsible for letting associates out of clubs after closing, and are thus highly relevant witnesses, since March of 2022. Additionally, Plaintiff seeks to depose putative class members whose declarations were first submitted in May of 2022 in connection with Sam's Clubs opposition to the first class certification motion. Plaintiff cannot use his own failure to conduct these depositions as a basis for seeking *ex parte* relief – there is no emergency, as Plaintiff has had ample time to conduct these depositions. The only exigency here was created by Plaintiff's own inaction.

Further, this Court has already declined to extend Plaintiff's deadline to file a reply on *three* occasions (*See* ECF Nos. 84, 89, 92), and has repeatedly made clear that the deadlines set by the Court should give Plaintiff sufficient time to prepare his class certification briefing. Nothing has changed to warrant granting Plaintiff additional time now. Indeed, he has had nearly ten months (since his first class certification motion was denied on May 4, 2023) to conduct the depositions he now seeks, but elected not to do so.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DEADLINE TO FILE REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

Sam's Club is entitled to finality, and respectfully requests the Court deny Plaintiff's *ex parte* application.

## II.    EX PARTE RELIEF IS NOT WARRANTED HERE

The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D.Cal.1989). "Given the extraordinary nature of the procedure, only rare circumstances will justify its use." *Dual Diagnosis Assessment and Treatment Ctr. v. Cal. Dept. of Health Care Svcs.*, 1015 WL 13764909, at *1 (C.D. Cal. 2015). To justify *ex parte* relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

### A.    There Is No Exigency Here Because Plaintiff Has Had Ample Time To Depose These Witnesses

Plaintiff's justification for his emergency request for a continuance of his reply deadline is that he needs sufficient time to conduct 20 depositions of closing managers and other associates. (ECF No. 106, at 4.) However, Plaintiff has been aware of these witnesses since 2022, and could have deposed them at any time before now. As such, there is no exigency here requiring *ex parte* relief, and any exigency that exists is entirely of Plaintiff's own making.

Plaintiff notified Sam's Club of the witnesses he seeks to depose via e-mail on the evening of February 8, 2024. (Peracchio Decl., ¶ 2.) Included in this list are four declarants whose declarations were previously submitted in connection with Sam's Club's opposition to the first motion for class certification on May 11, 2022. (*Id.*, ¶ 3.) *Ex parte* relief is not justified to allow Plaintiff time to depose witnesses who he could have deposed at any time in the last 21 months.

Case No. 2:21-cv-05122-SVW-JC

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DEADLINE TO FILE REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

Also included are 12 closing assistant managers who submitted declarations in support of Sam's Club's Opposition to the Renewed Motion. (*Id*., ¶ 4.) Again, Plaintiff has been aware of the existence of these witnesses and their relevance to the claims (alleged off-the-clock work due to being locked in after the club is closed and waiting for a manager to unlock the door) for nearly two years. On March 29, 2022, Plaintiff began taking depositions of Club Managers for various Sam's Club locations in California. (*Id*., ¶ 5.) The first deponent, John Religa, testified that the person responsible for unlocking the doors for hourly associates after closing would be assistant managers or team leads who are working the closing shift. (*Id*., Ex. B.) This was confirmed by the other Club Managers Plaintiff deposed in March and April 2022, including Paris Nguyen, Mark Jette, William Ramirez, and William Mathins. (*Id*., Ex. C-F.) Yet, despite having this knowledge, Plaintiff elected not to depose any of these closing managers. Between December 20 and 29, 2023, Plaintiff deposed eight more Club Managers. (*Id*., ¶ 6.) In many of those depositions, Plaintiff asked the manager to identify by name their closing managers who were responsible for letting associates out at closing, which the Club Managers did. (*Id*..) Yet, inexplicably, Plaintiff made no effort to depose those closing managers over the last six weeks. (*Id*., ¶ 7.)

Plaintiff fails to explain why these depositions could not have been taken before now, thus justifying the ex parte relief he seeks. In truth, there is no exigency and *ex parte* relief is not warranted because Plaintiff has had more than enough time to conduct the discovery he now seeks.[1]

---

[1] While Plaintiff compares the depositions he seeks to Sam's Club's depositions of 30 survey respondents, this comparison is irrelevant. Plaintiff introduced survey evidence of nearly 400 putative class members in support of his Renewed Motion, and Sam's Club sought 30 depositions to test the reliability of a statistically significant number of them. (Peracchio Decl., ¶ 8.) Sam's Club took these depositions over a seven week period and largely subpoenaed the witnesses without assistance from Plaintiff unless counsel represented the witness. (*Id*.)

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DEADLINE TO FILE REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

**B.**   **The Court Has Already Denied Plaintiff This Relief On Three Occasions**

As this Court has already noted on multiple occasions, Plaintiff has had sufficient time to conduct the discovery necessary for his Renewed Motion. Nothing has changed, and *ex parte* relief (sought for the third time) is not warranted. Indeed, Plaintiff's repeated attempts to seek this relief without demonstrating exigency is an abuse of the *ex parte* process.

On November 30, 2023, the Parties stipulated to a continued briefing schedule, which was denied because Plaintiff's "first motion for class certification was denied on May 4, 2023. The Court has set a new date for the renewed motion that is 8 months later. In the Courts experience, reasonable diligence would have enabled the plaintiff to file a motion by this date." (ECF Nos. 83, 84.)

Because Plaintiff's lack of diligence was no fault of Sam's Club, on December 8, 2023, Sam's Club moved *ex parte* to continue its opposition deadline. (ECF No. 87.) In opposing Sam's Club's *ex parte* application, Plaintiff argued that, should the Court grant Sam's Club relief, it should also grant Plaintiff an additional three-weeks to file a reply brief (ECF No. 88), which the Court denied on December 14, 2023. (ECF No. 89.)

Twelve days later, Plaintiff moved *ex parte* to continue the briefing schedule for the Renewed Motion altogether (ECF No. 90), which the Court denied on December 27, 2023. (ECF No. 91.) In doing so, the Court "reiterate[ed] that the first motion for class certification was denied on May 4, 2023, that the Court set a due date for the renewed motion 8 months later, and that reasonable diligence would enable the plaintiff to file a motion by this date." (ECF No. 92.)

Considering the lack of exigency, Plaintiff's *ex parte* application must be seen for what it is – yet another attempt to obtain an extension of his filing deadline. This Court set the current January 3 deadline on October 23, 2023, and twice declined to extend that deadline (ECF No. 76, 77, 84), noting, twice, that eight months should be

Case No. 2:21-cv-05122-SVW-JC

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DEADLINE TO FILE REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION

sufficient time for Plaintiff, with "reasonable diligence," to prepare a renewed motion. (ECF No. 84.)

### III.   CONCLUSION

Plaintiff could have sought these depositions at any time in the last ten months since his last motion for class certification was denied, and so *ex parte* relief to provide him more time to take these depositions is not warranted. Plaintiff fails to establish why these depositions are needed and why they could not have been taken sooner.

DATED: February 9, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Paloma P. Peracchio
     Paloma P. Peracchio
     Mitchell A. Wrosch
     Carmen M. Aguado

Attorneys for Defendant
SAM'S WEST, INC. DBA SAM'S CLUB

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DEADLINE TO FILE REPLY IN SUPPORT OF RENEWED MOTION FOR CLASS CERTIFICATION