UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|

| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. |
|---|---|

Present: The Honorable   Jacqueline Chooljian, United States Magistrate Judge

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| none | none |

**Proceedings:**    **ORDER SUBMITTING, VACATING HEARING ON AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE [ETC.] (DOCKET NO. 99, 101)**

## I.    SUMMARY

Pending before the Court and set for hearing on February 13, 2024 at 9:30 a.m. is "Plaintiff's Motion to Exclude Improperly Withheld and Late Produced Evidence for Any Purpose under Rule 37(c)(1) or, Alternatively, to Oppose Plaintiff's Renewed Motion for Class Certification and Compelling Defendant to Appear [for] Deposition" ("Plaintiff's Motion").[1]  Plaintiff's Motion seeks (1) an order precluding Defendant Sam's West, Inc. ("Defendant") from using its Associate Pay Policy (updated May 3, 2023) and Facility Closing Policy (updated June 14, 2023) (collectively "Updated Policies") for any purpose in this litigation; or (2) an order precluding Defendant from using the Updated Policies to oppose Plaintiff's Renewed Motion for Class Certification (filed January 3, 2024);[2] and/or (3) an order compelling Defendant immediately to produce a witness to testify on specified topics regarding the Updated Policies.  (Notice at 1; JS at 6).

The Court finds Plaintiff's Motion appropriate for resolution without oral argument and vacates the February 13, 2024 hearing date.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons explained

---

[1]In connection with Plaintiff's Motion, the parties filed a Notice of Motion, a Joint Stipulation (alternatively, "JS"), a Declaration of Kiley L. Grombacher ("Grombacher Decl.") with exhibits ("Grombacher Ex."), Plaintiff's Supplemental Memorandum ("P. Supp. Memo"), and a Supplemental Declaration of Kiley L. Grombacher ("Grombacher Supp. Decl.").  (Docket Nos. 99, 101).

[2]As the hearing on Plaintiff's Motion is scheduled after Defendant's deadline to file an opposition to Plaintiff's Renewed Motion for Class Certification, Plaintiff – in his Supplemental Memorandum – requests that the Court strike any reference to, reliance on, or argument or testimony regarding the Updated Policies from such opposition.  (P. Supp. Memo at 1 n.1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

below, the Court grants in part and denies in part Plaintiff's Motion. More specifically, the Court denies Plaintiff's Motion to the extent it calls for an exclusion/preclusion remedy but grants Plaintiff's Motion to the extent it seeks to compel Defendant to produce a witness to testify on specified topics regarding the Updated Policies.

**II.     BACKGROUND**

On June 23, 2021, Plaintiff – who worked for Defendant Sam's West, Inc. dba Sam's Club in El Monte, California from approximately August through October 2019 – filed a Class Action Complaint on behalf of a proposed class of "[a]ll current and former non-exempt employees who worked one or more closing shifts for Defendant in the State of California at any time from four years prior to the filing of th[e] Complaint until the date class notice is provided under Fed. R. Civ. P. 23(c)(2)," asserting multiple claims. (Docket No. 1).

On September 27, 2021, Plaintiff filed a First Amended Class Action Complaint ("First Amended Complaint") on behalf of "[a]ll current and former non-exempt employees who worked one or more closing shifts for Defendant in the State of California at any time from four years prior to the filing of the initial Complaint until the date class notice is provided under Fed. R. Civ. P. 23(c)(2)," asserting claims for: (1) Failure to Pay Minimum Wages and Liquidated Damages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1); (2) Failure to Pay for All Hours Worked (Labor Code §§ 221-223); (3) Failure to Pay Overtime Wages (Labor Code § 510); (4) Failure to Pay All Wages Owed at Termination of Employment (Labor Code §§ 201-203); and (5) Violations of California Business and Professions Code §§ 17200, et seq. (alternatively, "UCL claim"). (Docket No. 14). All such claims were based on the allegation that Defendant requires putative class members to work off the clock at the end of their closing shifts while awaiting someone to unlock the doors and to let them exit the club.

On October 7, 2021, Plaintiff served Defendant with his Request for Production of Documents, Set One ("Original Document Requests").[3] (Grombacher Decl. ¶ 2; Grombacher Supp. Decl. ¶ 8). Defendant served its initial responses to the Original Document Requests on November 22, 2021. (Grombacher Decl. ¶ 3).

---

[3]Plaintiff's Original Document Requests include Request for Production ("RFP") Nos. 8, 13, 23, and 25 (which, among other things, call for the production of policies applicable to putative class members and related to clocking out at the end of a closing shift, documents sufficient to identify policies concerning remuneration, and documents which address overtime pay/overtime pay compliance), and RFP Nos. 9, 11, 12, 15, and 16 (which, among other things call for the production of policies regarding store security, store closing, store closing procedures, and staffing of security personnel at the time of store closing, and documents relating to any store closing procedures). (See Grombacher Ex. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

On December 23, 2021, the District Judge granted in part and denied in part Defendant's Motion to Dismiss the First Amended Complaint, dismissed Plaintiff's second claim with prejudice, dismissed Plaintiff's fifth/UCL claim without prejudice, ordered certain language struck from the First Amended Complaint, and ordered Plaintiff to move for class certification within sixty (60) days.  (Docket No. 27).

The parties ultimately stipulated to the filing of a Second Amended Complaint and to extend Plaintiff's deadline to file Plaintiff's first motion for class certification, and the District Judge approved such stipulations in part, authorizing Plaintiff to file a Second Amended Complaint, and extending Plaintiff's deadline to file Plaintiff's first motion for class certification to March 28, 2022.  (Docket Nos. 28, 30, 31, 22).

On January 14, 2022, Plaintiff filed a Second Amended Class Action Complaint ("Second Amended Complaint") on behalf of "[a]ll current and former non-exempt employees who worked one or more closing shifts for Defendant in the State of California at any time from four years prior to the filing of the initial Complaint until the date class notice is provided under Fed. R. Civ. P. 23(c)(2)," asserting claims for:  (1) Failure to Pay Minimum Wages and Liquidated Damages (Labor Code §§ 1182.11, 1182.12, 1194, and 1197); (2) Failure to Pay Overtime Wages (Labor Code § 510); (3) Failure to Pay All Wages Owed at Termination of Employment (Labor Code §§ 201-203); and (4) Violations of California Business and Professions Code §§17200, et seq. (*i.e.*, a UCL claim).  (Docket No. 32).  Again, Plaintiff's claims are based on the allegation that Defendant requires putative class members to work off the clock at the end of their closing shifts while awaiting someone to unlock the doors and to let them exit the club.[4]

On March 1, 2022, Plaintiff deposed Defendant's Fed. R. Civ. P. 30(b)(6) witness.  (Grombacher Supp. Decl. ¶ 11).  Plaintiff did not question such witness about the Updated Policies because they had not yet been crafted by Defendant or produced to Plaintiff.  (Grombacher Supp. Decl. ¶ 11).

On March 8, 2022, the District Judge granted in part and denied in part Defendant's Partial Motion to Dismiss the Second Amended Complaint and dismissed in part Plaintiff's fourth/UCL claim.

---

[4]As summarized by Plaintiff in Plaintiff's Motion:

> Plaintiff's theory of liability in this case is that [Defendant's] common policies create conditions where off the clock ("OTC") exit delays routinely occur.  [Citation].  Specifically, Plaintiff alleges that [Defendant's] Associate Pay Policy and Facility Closing/Overnight Procedures Policy, acting in tandem, result in the widespread denial of minimum wages and overtime pay to hourly associates who work closing shifts.  [Citation].

(JS at 7) (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

(Docket No. 39).  More specifically, the District Judge dismissed the UCL claim to the extent it called for restitution, but declined to dismiss the UCL claim to the extent it called for injunctive relief.  (Docket No. 39).

On March 10, 2022, the District Judge approved the parties' stipulation to extend Plaintiff's deadline to file Plaintiff's first motion for class certification and extended such deadline to April 11, 2022.  (Docket No. 40).

On March 25, 2022, Defendant filed an Answer to the Second Amended Complaint.  (Docket No. 41).

On April 11, 2022, Plaintiff filed its first Motion for Class Certification in which he argued that that Defendant's Associate Pay Policy and Facility Closing/Overnight Procedures Policy, acting in tandem, result in the widespread denial of minimum wages and overtime pay to hourly associates who work closing shifts.  (Docket No. 44 at 9; Grombacher Supp. Decl. ¶ 8).

On May 4, 2023, after Plaintiff's first Motion for Class Certification was fully briefed (see Docket Nos. 44-47, 54-56, 58, 59), the District Judge denied it without prejudice.  (Docket No. 63; Grombacher Decl. ¶ 4).  The District Judge focused primarily on whether "questions of law or fact common to class members predominate[d] over individualized issues" and ultimately concluded that "Plaintiff ha[d] not submitted substantial evidence of a policy resulting in uncompensated waiting time, and that individualized questions regarding store-by-store variation even shift by shift variation predominate[d]."  (Docket No. 63 at 4-5, 8).  The Court noted that "certification on [the] record [before it] would mean certifying a class where a substantial number of [putative class members] may not have been injured at all, because of varying individual circumstances."  (Docket No. 63 at 9).  In denying the Motion for Class Certification, the District Judge indicated that he could not certify a class on the record before him but that "if Plaintiff were to augment the record or propose a more narrowly defined class, the Court may reach a different conclusion."  (Docket No. 63 at 10; Grombacher Decl. ¶ 4).

On August 7, 2023, Defendant – in accordance with the Magistrate Judge's July 21, 2023 discovery order (Docket No. 70) – produced names and contact information for putative class members who worked 20 or more shifts that ended between 10:00 p.m. and 6:00 a.m. at any time since June 23, 2017.  (Grombacher Decl. ¶¶ 9, 10).  On August 28, 2023 – in accordance with an accommodation reached between counsel at an August 22, 2023 hearing (see Docket No. 75) – Defendant produced to Plaintiff revised contact information omitting certain store locations.  (Grombacher Decl. ¶ 13).

On September 1, 2023, Plaintiff emailed Defendant, reminding Defendant of its duty to supplement under Fed. R. Civ. P. 26(e) to the extent prior disclosures or discovery were then in any way incomplete or incorrect, and, highlighting, as an example, the need to produce, as soon as possible, any "updated written policies" or "altered [] practices."  (Grombacher Decl. ¶ 14; Grombacher Ex. 2 [Docket

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

No. 99-2 at 66]; Grombacher Supp. Decl. ¶ 2).  On September 5, 2023, Defendant responded, acknowledging Defendant's "aware[ness] of [its] obligations under the federal rules[.]"  (Grombacher Decl. ¶ 37; Grombacher Ex. 2 [Docket No. 99-2 at 66]; Grombacher Supp. Decl. ¶ 3).

On October 23, 2023, the District Judge issued a briefing/hearing schedule for Plaintiff's anticipated renewed motion for class certification, setting January 3, 2024 as Plaintiff's deadline to file such motion, January 10, 2024, as Defendant's deadline to file an opposition, and January 17, 2024, as Plaintiff's deadline to file a reply, and setting the hearing for February 5, 2024, at 1:30 p.m.  (Docket No. 77; Grombacher Decl. ¶ 16).

On December 4, 2023, the District Judge denied the parties' stipulation to alter the briefing/hearing schedule on Plaintiff's anticipated renewed motion for class certification.  (Docket No. 84).

On December 7, 2023, Defendant produced additional information/items to Plaintiff, including its Associate Pay Policy (updated May 3, 2023).  (Grombacher Decl. ¶¶ 21, 42; Grombacher Ex. 8; Grombacher Supp. Decl. ¶ 4).[5]

On December 14, 2023, the District Judge granted Defendant an extension of time to file an opposition to Plaintiff's anticipated renewed motion for class certification (which, as noted above, was due January 3, 2024), extended Defendant's deadline to file an opposition to February 7, 2024, extended Plaintiff's deadline to file a reply to February 17, 2024, and continued the hearing to March 4, 2024 at 1:30 p.m.  (Docket No. 89).

On December 24, 2023, while preparing Plaintiff's renewed motion for class certification, Plaintiff's counsel "became aware of" the fact that on December 7, 2023, Plaintiff had produced the Associate Pay Policy (updated May 3, 2023).  (Grombacher Decl. ¶ 23).  Also on December 24, 2023,

---

[5]The Associate Pay Policy (updated May 3, 2023) adds the bolded language below:

If you are unable to clock in and/or out due to the nature of your job, or you otherwise perform work while not clocked in, you must keep track of all time worked and immediately submit an appropriate time adjustment form for that time at the earliest opportunity.  **This may include a situation where you are unable to leave the facility immediately after clocking out.  If you are unable to fully capture such time while on the clock, you must keep track of that time and submit an appropriate time adjustment promptly.**

(Compare Grombacher Ex. 8 [Docket No. 99-2 at 188] with Grombacher Ex. 8 [Docket No. 99-2 at 193]).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

Plaintiff served a new Fed. R. Civ. P. 30(b)(6) deposition notice to Defendant, setting such deposition for December 29, 2023, on four topics related to the Associate Pay Policy (updated May 3, 2023). (Grombacher Decl. ¶¶ 24, 38; Grombacher Ex. 4).[6]  Defendant served objections to such notice on December 27, 2023, and refused to appear.  (Grombacher Decl. ¶¶ 26, 39; Grombacher Ex. 5).[7]  Counsel met and conferred regarding such matter between January 3, 2024 and January 10, 2024 but were unable to resolve their dispute.  (Grombacher Decl. ¶¶ 27; Grombacher Ex. 3).

Meanwhile, on December 26, 2023, Plaintiff filed an ex parte application ("Plaintiff's Ex Parte Application") seeking an extension of time to file his renewed motion for class certification, claiming that the Associate Pay Policy (updated May 3, 2023) had been produced late, and that it substantially and materially impacted Plaintiff's upcoming motion, and necessitated additional discovery.  (Docket No. 90; Grombacher Decl. ¶ 25).  Defendant opposed Plaintiff's Ex Parte Application on December 27, 2023.  (Docket No. 91).  On December 28, 2023, the District Judge denied Plaintiff's Ex Parte Application, "reiterat[ing] that the first motion for class certification was denied on May 4, 2023, that the Court set a due date for the renewed motion 8 months later, and that reasonable diligence would enable the plaintiff to file a motion by this date," and finding that "even if there is an updated associate pay policy, it will have no effect on the class as alleged or the arguments for class certification."  (Docket No. 92).

///

------

[6]Such notice essentially called for Defendant to designate and produce a witness to testify on the following categories:  (1) the basis for, decision making process, rollout, and/or implementation processes regarding updates made to Defendant's Associate Pay Policy (updated May 3, 2023) from the prior version of Defendant's Associate Pay Policy; (2) the methods by which Defendant's Associate Pay Policy (updated May 3, 2023) was distributed to associates; (3) any training conducted with the managers or supervisors of any associates regarding Defendant's Associate Pay Policy (updated May 3, 2023); and (4) any updates or changes to any of Defendant's systems, such as its time adjustment system, related to Defendant's Associate Pay Policy (updated May 3, 2023).  (Grombacher Ex. 4).

[7]Defendant essentially objected to such notice because:  (1) it assertedly failed to provide reasonable written notice; (2) Plaintiff had not obtained leave of court to depose Defendant a second time; and (3) categories therein assertedly (a) were overbroad, unduly burdensome, and sought information that was neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) included terms that were vague and ambiguous (*i.e.*, "basis for," "decision making process," "rollout," "implementation processes," "updates," "methods," "distributed," "training conducted," and "[Defendant's] systems"); (c) did not describe with reasonable particularity the matters for examination; (d) were not proportional to the needs of the case; and/or (e) sought information protected by the attorney-client privilege and/or the attorney work product doctrine.  (Grombacher Ex. 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

The next day – December 29, 2023 – Defendant produced to Plaintiff its Facility Closing Policy (updated June 14, 2023).  (Grombacher Decl. ¶¶ 28, 43; Grombacher Ex. 9; Grombacher Supp. Decl. ¶ 5).[8]

Plaintiff's counsel attests that the December 2023 production of the Updated Policies required substantial last-minute revisions to Plaintiff's renewed class certification motion (due January 3, 2024) as the Updated Policies assertedly impact Plaintiff's theory of liability and the specific injunctive relief Plaintiff was moving for under Rule 23(b)(2), and may impact the class definition as the policy change could result in shortening the period of liability from "four years prior to the filing of the initial Complaint until the date class notice is provided under Fed. R. Civ. P. 23(c)(2)" to "four years prior to the filing of the initial Complaint until the date the policies were updated on May 3, 2023 or June 14, 2023."  (Grombacher Supp. Decl. ¶ 6).[9]

On January 3, 2024, Plaintiff filed its renewed motion for class certification ("Renewed Motion") with a Summary of Evidence, an Appendix and Physical Exhibits.  (Docket Nos. 95-98).  The Appendix includes copies of the Updated Policies (Docket No. 96 at 62-66, 97-99).  The Renewed Motion references the Updated Policies multiple times and argues, among other things, that the Updated Policies remain deficient because they contemplate that employees will still have to clock out prior to waiting at the exit door/the door being opened and do not notify associates that exit delays constitute paid work activity, and that, in any event, the evidence that Plaintiff has been able to develop to date, suggests at

---

[8]The Facility Closing Policy (updated June 14, 2023) adds the bolded language below:

**If the doors are locked, to customers entering the building, after facility hours, it is essential to ensure that associates are able to leave the building immediately after clocking out.  The facility keyholder must be available to unlock the door, so an hourly associate does not need to wait to leave the building after clocking out.  In a situation in which an associate must wait for the door to be unlocked after clocking out, the associate should keep track of and adjust their time in order to be compensated for waiting.**

(Compare Grombacher Ex. 9 [Docket No. 99-2 at 195-96] with Grombacherh Ex. 9 [Docket No. 99-2 at   199]).

[9]Plaintiff's counsel further attests that given Defendant's failure to produce the Updated Policies after receipt of Plaintiff's September 1, 2023 email, as well as all of Defendant's asserted other efforts to impede Plaintiff's ability to take discovery in a timely matter, Plaintiff could not reasonably trust that Defendant would have responded to any written discovery issued by Plaintiff regarding Defendant's Updated Policies in a prompt and responsibly thorough manner as was necessary for Plaintiff's preparation of his renewed motion for class certification.  (Grobacher Supp. Decl. ¶ 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|----------|----------------------|------|------------------|

| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. |
|-------|----------------------------------------------------------------|

least a lack of awareness of these updates at the manager level, a lack of any training with associates regarding the updates, and the potential lack of even the provision thereof to/awareness thereof by associates. (Renewed Motion at 3-4, 6, 7 n.2, 13-14, 17 n.5, 20 n.6; Summary of Evidence at 13-16, 18, 20 [entrys 13, 14, 16, 17 & n.2]).

On January 8, 2024, Defendant served Plaintiff with its Fourth Supplemental Response to the Document Requests.[10] (Grombacher Decl. ¶ 35; Grombacher Ex. 1). Such Supplemental Responses reflect that Defendant's Associate Pay Policy was being produced in response to RFP Nos. 8, 13, 23, and 25 (which call for policies applicable to putative class members, policies related to clocking out at the end of a closing shift, documents sufficient to identify policies concerning remuneration, and documents which address overtime pay/overtime pay compliance) and that Defendant's Facility Closing Policy was being produced in response to RFP Nos. 9, 11, 12, 15, 16 (which call for policies regarding store security, store closing, store closing procedures, and staffing of security personnel at time of store closing, and documents relating to any store closing procedures). (Grombacher Ex. 1).

On January 9, 2024, Plaintiff served Defendant with another Fed. R. Civ. P. 30(b)(6) deposition notice, setting such deposition for January 15, 2024, on six topics related to the Facility Closing Policy (updated June 14, 2023). (Grombacher Decl. ¶¶ 33, 40; Grombacher Ex. 6).[11] Defendant served objections to such notice on January 11, 2024 and refused to appear. (Grombacher Decl. ¶¶ 34, 41; Grombacher Ex. 7).[12]

---

[10]Defendant presumably served Second and Third Supplemental Responses to the Document Requests but such responses are not discussed in the parties' briefing on Plaintiff's Motion.

[11]Such notice essentially called for Defendant to designate and produce a witness to testify on the following categories: (1) the basis for, decision making process, rollout, and/or implementation processes regarding updates made to Defendant's Facility Closing/Overnight Procedures Policy (updated June 14, 2023) from the prior version of Defendant's Facility Closing/Overnight Procedures Policy; (2) the methods by which Defendant's Facility Closing/Overnight Procedures Policy (updated June 14, 2023) was distributed to associates; (3) any training conducted with the managers or supervisors of any associates regarding Defendant's Facility Closing/Overnight Procedures Policy (updated June 14, 2023); (4) any training conducted with any associates regarding Defendant's Facility Closing/Overnight Procedures Policy (updated June 14, 2023); (5) any updates or changes to any of Defendant's systems, such as its time adjustment system, related to Defendant's Facility Closing/Overnight Procedures Policy (updated June 14, 2023); and (5) any changes or updates to Defendant's timekeeping policy, pay policy, off the clock policy, or overtime policy applicable to associates. (Grombacher Ex. 6).

[12]Defendant essentially objected to such notice because: (1) it assertedly failed to provide reasonable written notice; (2) Plaintiff had not obtained leave of court to depose Defendant a second

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

On February 7, 2024, Defendant filed its opposition to the Renewed Motion and supporting documents. (Docket Nos. 102-05). Such opposition specifically references the Updated Policies. (Docket Nos. 102 at 8, 15).

On February 8, 2024, Plaintiff filed an ex parte application to extend his deadline to file a reply, which Defendant opposed on February 9, 2024, and which Plaintiff supplemented on February 9, 2024. (Docket Nos. 106-08). As of the issuance of this Order, the matter remains pending before the District Judge.

## III.    PERTINENT LAW

### A.    Scope of Permissible Discovery

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within the foregoing scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

### B.    Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), a party must make the initial disclosures called for by Fed. R. Civ. P. 26(a)(1)(A) at or within fourteen days after the parties' Rule 26(f) Conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action, and states the objection in the proposed discovery plan. More specifically, a party must provide to other parties: (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the

---

[12](...continued)
time; and (3) categories therein assertedly (a) were overbroad, unduly burdensome, and sought information that was neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) included terms that were vague and ambiguous (*i.e.*, "basis for," "decision making process," "rollout," "implementation processes," "updates," "methods," "distributed," "training conducted," "updates or changes," and "[Defendant's] systems"); (c) did not describe with reasonable particularity the matters for examination; (d) were not proportional to the needs of the case; and/or (e) sought information protected by the attorney-client privilege and/or the attorney work product doctrine. (Grombacher Ex. 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
| --- | --- | --- | --- |
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Fed. R. Civ. P. 34,  the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and (iv) for inspection and copying as under Fed. R. Civ. P. 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

### C.      Requests for Production

Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b) which are in the responding party's possession, custody or control.  Fed. R. Civ. P. 34(a).  Documents are deemed to be within a party's possession, custody or control if the party has actual possession, custody or control thereof or the legal right to obtain the property on demand.  In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995), cert. dismissed, 517 U.S. 1205 (1996).  Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery, and based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control.  A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citations and internal quotation marks omitted)

Unless excused by a protective order, in response to a request for the production of documents a party must, within 30 days of service thereof and as to each item or category, either:  (1) state that the inspection will be permitted/production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection.  Fed. R. Civ. P. 34(b)(2)(A)-(C).  If the responding party states that it will produce documents, such production must be completed no later than the time specified in the request or another reasonable time specified in the response.  Fed. R. Civ. P. 34(b)(2)(B).

### D.      Duty to Supplement

Pursuant to Rule 26(e), a party must supplement its initial disclosures and its responses to discovery requests in a timely manner if the party learns that in some material respect the disclosures/ responses are incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing or as ordered by the court.  Fed. R. Civ. P. 26(e)(1).  Such rule, for example, "imposes an obligation to supplement prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

document productions when new information that could not have reasonably been discovered before is found; it is not a license to produce documents whenever they may happen to be found so long as it happens before the fact discovery cutoff." Zox LLC v. Zox, 2021 WL 8649853, at *2 (C.D. Cal. Dec. 14, 2021).

Pursuant to Fed. R. Civ. P. 37(c), a party who fails to provide information as required by Rules 26(a) and 26(e) is not allowed to use that information to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. See Fed. R. Civ. P. 37(c)(1). In addition to or instead of prohibiting such use, the court, on motion and after giving an opportunity to be heard [13] may impose other appropriate sanctions. See Fed. R. Civ. P. 37(c)(1).

Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. Lanard Toys Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010) (involving untimely disclosure of expert report under Rule 26(a)(2)(B)) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). It is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or is "harmless." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

**E.     Rule 30(b)(6) Depositions**

Fed. R. Civ. P. 30(b)(6) governs deposition notices or subpoenas directed to organizations. Rule 30(b) provides, in pertinent part:

In its notice or subpoena, a party may name as the deponent a public or private corporation . . . or other entity and describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . .The persons designated must testify about information known or reasonably available to the organization.

---

[13] Paladin Associates, Inc. v. Montana Power Co, 328 F.3d 1145, 1164-65 (9th Cir. 2003) (plaintiff given "opportunity to be heard" within meaning of rule allowing for imposition of discovery sanctions as plaintiff received notice of possibility of sanctions when defendant filed motion for costs, plaintiff allowed to submit responsive brief, and issues were such that evidentiary hearing would not have aided court's decisionmaking process); Hudson v. Moore Business Forms, Inc., 898 F.2d 684, 686 (9th Cir. 1990) (party need not be given opportunity to respond to sanctions request orally if given full opportunity to respond in writing).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

Accordingly, a notice of deposition made pursuant to Rule 30(b)(6) requires a corporation to produce one or more officers to testify with respect to matters set out in the deposition notice or subpoena.  Marker v. Union Fidelity Life Insurance Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989).  A party need only designate, with reasonable particularity, the topics for examination.  Id.  The corporation then must not only produce such number of persons as will satisfy the request, but more importantly, must prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.  Id. (citations omitted).

Multiple depositions of the same party are governed by Fed. R. Civ. P. 30(a)(2)(A)(ii) which, absent the parties' stipulation, requires a party to obtain leave of court to depose a deponent who has already been deposed.  If so requested, a court "must" grant leave to the extent consistent with Fed. R. Civ. P. 26(b)(2).  See In re Sulfuric Acid Antitrust Litigation, 2005 WL 1994105 *2 (N.D. Ill. Aug. 19, 2005) (rule directs that leave to take successive deposition shall be granted, but only if the *court* – not an inevitably self-interested party – determines that requested discovery is consistent with the principles stated in Rule 26(b)(2) – that is, whether it is unreasonably cumulative or duplicative, is obtainable from an alternative more convenient or less burdensome source, whether the party seeking discovery had ample opportunity by discovery to obtain the information sought or whether the burden of proposed discovery outweighs its likely benefit).  The fact that a party may ultimately be able to persuade a judge to allow a successive deposition has absolutely nothing to do with the obligation to seek in the first instance a court's permission to take a deposition of someone who has once been deposed.  Id.

As Plaintiff points out (JS at 17), the Ninth Circuit has not decided whether a corporation is a "deponent" subject to the limitations of Rule 30(a)(2)(A)(ii).  See Jennifer Gerrie v. County of San Bernardino, 2023 WL 9375108, at *1 (C.D. Cal. Oct. 25, 2023) (citing Heath v. Google, LLC, 2018 WL 4491368, at *2 (N.D. Cal. Sept. 19, 2018)).  Other courts are split on the issue.  Compare Blackwell v. City and County of San Francisco, 2010 WL 2608330, at *1 (N.D. Cal., June 25, 2010) (second corporate deposition requires leave of court); State Farm Mutual Automobile Ins. Co. v. New Horizont, Inc., 254 F.R.D. 227, 234-35 (E.D. Pa. 2008) (same); Friedman v. 24 Hour Fitness USA, Inc., 2008 WL 11338168, at *2 (C.D. Cal. Nov. 14, 2008) (same; deeming second deposition notice directed to corporation on multiple new topics invalid); In re Sulfuric Acid Antitrust Litigation, 2005 WL 1994105, at *3 ("There is nothing in the text, history, or purpose of Rule 30 that supports the conclusion that 'for purposes of' the prior judicial approval requirement for successive depositions, Rule 30(b)(6) depositions should be treated differently from depositions of individuals."); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001) (affirming district court's decision to quash deposition subpoena and to issue protective order vis-a-vis non-defendant corporation because successive Rule 30(b)(6) deposition subpoena issued without leave of court was invalid); with Cedars-Sinai Med. Ctr. v. Quest Diagnostics Inc., 2019 WL 12520126, at *2 (C.D. Cal. Apr. 1, 2019) (mere formality of splitting Rule 30(b)(6) topics into two notices should not alone require court approval; more efficient manner of handling issue is to allow use of multiple notices so long as they do not duplicate topics and are served in temporal proximity to each other); Roe v. Frito-Lay, Inc., 2016

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

WL 1639774, at *1 n.1 (N.D. Cal. April 26, 2016) (leave of court not required to take second Rule 30(b)(6) deposition because Rule 30(a)(2)(A)(ii) applies only to individual witnesses, not witnesses designated by an organizational entity under Rule 30(b)(6)); HVAC Tech. LLC v. Southland Indus., 2016 WL 11753779, at *1 (N.D. Cal. Apr. 8, 2016) (party may notice multiple 30(b)(6) depositions on non-overlapping topics); Stambler v. Amazon.com, Inc., 2011 WL 13196474, at *1 (E.D. Tex. Sept. 14, 2011) (Rule 30(a)(2)(A)(ii) does not require party to seek leave of court to take second or third Rule 30(b)(6) deposition of corporate entity when topics in disputed deposition notice are different from topics in prior notices).

### F.    Pre-Class Certification Discovery

Fed. R. Civ. P. 23, which governs class actions requires that the following factors must be satisfied in order for a class to exist:  (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613 (1997).[14]  The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class.  Kamm v. California City Development Co., 509 F.2d 205, 209–10 (9th Cir. 1975).  To deny discovery in a case of that nature would be an abuse of discretion. Id.  However, where the necessary factual issues may be resolved without discovery, it is not required. Id.  In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination.  Id.  A necessary antecedent to the presentation of evidence as to whether a class action is maintainable is the discovery of material pertinent to such issue, especially when the information is within the sole possession of the defendant.  Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977) (citations omitted).  The plaintiff bears the burden either of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce persuasive information substantiating the class allegations.  Id.; Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir.), as amended (1985).  Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.  Doninger, 564 F.2d at 1313.

///
///
///
///
///

---

[14]Under Fed. R. Civ. P. 23(a), a district court may certify a class only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

## IV.    DISCUSSION AND ORDERS

Plaintiff argues that Defendant failed timely to produce its Updated Policies, that Defendant has failed to meet its burden to demonstrate that such failure was substantially justified or is harmless, and that Defendant should be precluded for using the Updated Policies – at least in connection with its opposition to Plaintiff's Renewed Motion – or alternatively should be required immediately to produce a Rule 30(b)(6) deponent to testify about the Updated Policies.  Defendant contends that its production of the Updated Policies was timely as Defendant produced them during discovery and before Plaintiff's deadline to file his Renewed Motion, that even assuming the contrary, its failure to produce the Updated Policies sooner was harmless, and that Plaintiff is not entitled to take another Rule 30(b)(6) deposition.

First, the Court addresses whether Defendant "timely" produced its Updated Policies to Plaintiff and concludes that it did not.  As detailed above, Plaintiff's Original Document Requests which indisputably call for the production of Associate Pay and Facility Closing policies were propounded on October 7, 2021.  Defendant created the Updated Policies in May and June 2023, but did not contemporaneously supplement its production/responses to the Original Document Requests or otherwise contemporaneously share the Updated Policies with Plaintiff.  In early September 2023, Plaintiff reminded Defendant of its obligation to supplement its production and Defendant acknowledged such obligation, but still did not then produce the Updated Policies which by then, had been in effect for multiple months.  On December 7, 2023 – less than thirty (30) days before Plaintiff was required to file his Renewed Motion – Defendant produced the Associate Pay Policy (updated May 3, 2023).  On Friday, December 29, 2023 – five days before Plaintiff's January 3, 2024 deadline to file the Renewed Motion – Defendant produced the Facility Closing Policy (updated June 14, 2023).  Aside from the fact that December is a holiday month, the record reflects that between December 4, 2023 and the filing of the Renewed Motion, the parties were actively litigating this case and apparently conducted/were in the process of conducting approximately thirty (30) depositions per side in aid of their briefing on class certification.  (Grombacher Decl. ¶¶ 18, 19).  The foregoing chronology demonstrates that Defendant produced the Updated Policies at a point (less than thirty (30) days before January 3, 2024) that was several months after Defendant had them and at a point that did not allow sufficient time prior to the deadline to file the Renewed Motion for Plaintiff to take/obtain any further written discovery regarding the Updated Policies or, as discussed below, to obtain the requisite leave of court to take a further deposition of Defendant regarding the Updated Policies through a regularly noticed motion.  Plaintiff's counsel attests that the timing of the production of the Updated Policies impacted its preparation of the Renewed Motion and required substantial last-minute revisions thereto.  (Grombacher Supp. Decl. ¶¶ 6, 7).

The Court recognizes that a discovery cut-off deadline and trial date have not been set in this matter, that the Court has not otherwise ordered Defendant to produce/set a deadline to produce the Updated Policies to Plaintiff, and that the only deadlines set to date relate to class certification briefing. It further acknowledges that the cases imposing discovery sanctions upon which Plaintiff relies (JS at 1-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

3, 10-12, 15; P. Supp. Memo at 3) nearly universally involve disclosures made after the expiration of a specific court-imposed deadline.[15] <u>BWP Media USA Inc. v. Urbanity, LLC</u>, 696 Fed. Appx. 795, 796-97 (9th Cir. 2017) (affirming district court's order, see <u>BWP Media USA Inc. v. Rich Kids Clothing Co., LLC</u>, 2015 WL 347197, at *3-*6 (W.D. Wash Jan. 23, 2015), excluding document that was required to be produced as part of initial disclosures, was not identified in response to informal follow-up discovery request, and was produced well after close of discovery on dispositive motion deadline, only one month prior to trial); <u>Jones v. Travelers Casualty Insurance Co. of Am.</u>, 304 F.R.D. 677, 678-83 (N.D. Cal. Feb, 5, 2015) (excluding documents that had been requested in discovery and were produced for the first time approximately three weeks after fact discovery closed); <u>Guzman v. Bridgepoint Educ., Inc.</u>, 305 F.R.D. 594, 603-08 (S.D. Cal. Mar. 26, 2015) (excluding declaration submitted in support of class certification motion where identity of declarant/witness was required to be produced as part of initial disclosures and in response to interrogatory, but was disclosed for the first time after the deadline to complete class-certification related discovery); <u>City of Inglewood v. Time Warner NY Cable LLC</u>, 2015 WL 12803767, at *1, *3 (C.D. Cal. June 9, 2015) (excluding documents that plaintiff was required to produce to supplement discovery responses but that were untimely disclosed approximately two to three months after close of discovery and two weeks to one month prior to scheduled trial; mere fact that some of documents were not yet in existence at time of plaintiff's original responses to discovery requests did not absolve plaintiff of duty to disclose them under Rule 26(e); because plaintiff did not diclose 80 documents until one month before scheduled trial date and an additional 400-500 documents until two

---

[15]As best as the Court can determine, the only case imposing discovery sanctions upon which Plaintiff relies (see, e.g., JS at 1) that did not involve disclosures made after a court-imposed deadline is <u>Oracle USA, Inc. v. SAP AG ("Oracle")</u>, 264 F.R.D. 541 (N.D. Cal. 2009) – a factually distinguishable case that such court described as a "massive copyright infringement case" of "unusual scope and complexity" involving "intensive discovery" and "large, sophisticated international corporations that compete fiercely in the field of database and applications software." <u>Oracle</u>, 264 F.R.D. at 542. In <u>Oracle</u> – a ruling issued in September 2009 in a case which was filed in March 2007 and in which the fact discovery cut-off had already once been extended from mid-June 2009 to early December 2009 and trial was set for November 2010 – the Court precluded plaintiffs from introducing evidence of damages due to lost profits from certain sources where such damages were first disclosed in May 2009 and plaintiffs had failed to disclose they were seeking such category of damages in their initial disclosures and discovery responses during more than two years of intensive discovery efforts. The court recognized that in other cases in which evidence had been excluded as a discovery sanction, the evidence in issue had been produced after the close of discovery and/or shortly before trial, but found such cases to be distinguishable based on the magnitude of the <u>Oracle</u> case which "dwarf[ed]" such other cases, noting that far more time was necessary for adequate trial preparation in light of the existing complexity and scope of the <u>Oracle</u> case. <u>Id.</u> at 554. It pointed out that the proceedings in <u>Oracle</u> were at a point at which fact discovery was winding down and the parties should have been focusing on streamlining the already very large case for trial, not expanding the issues through new damages claims. <u>Id.</u> at 553.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

weeks before same, defendant prejudiced because it had to devote valuable pretrial resources and time to sift through and evaluate evidence that it should have received earlier in proceedings); Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 861-64 (9th Cir. 2014) (affirming district court's order excluding 38 witnesses from testifying at trial that were required to be identified in initial disclosures/supplementation thereto but were untimely identified fifteen (15) months after the discovery cutoff and only ten months before trial); De Amaral v. Goldsmith & Hull, 2014 WL 572268, at *2-*3 (N.D. Cal. Feb. 11, 2014) (excluding documents that had been requested in discovery and were disclosed for the first time well after discovery closed, in support of opposition to motion for summary judgment); Malico, Inc. v. Cooler Master USA, Inc., 2013 WL 4482503, at *6-*7 (N.D. Cal. Aug. 20, 2013) (excluding photographs that had been requested in discovery and were disclosed for the first time after fact discovery closed, in support of motion for partial summary judgment), aff'd in part, vacated in part, and remanded on other grounds, 594 Fed. Appx. 621 (Fed. Cir. 2014); Naser v. Metro. Life Ins. Co., 2013 WL 4017363, at *4-*6 (N.D. Cal. July 31, 2013) (striking credit card charge records that had been requested in discovery and were disclosed for the first time after the close of discovery, in support of plaintiff's motion for partial summary judgment and opposition to defendant's motion for summary judgment on claim that defendant failed to reimburse business expenses; plaintiff had "duty to amend his discovery responses" and "obligation to disclose" such records "almost one year" earlier when he added claim for unreimbursed business expenses; defendant harmed by lateness of disclosure because it was forced to alter its deposition strategy at the last minute to accommodate the tardy production of records); OEM-Tech v. Video Gaming Technologies, 2013 WL 12173892, at *5-*7 (N.D. Cal. Jan. 8, 2013) (excluding documents that had been requested in discovery and were disclosed for the first time over a year after discovery closed, in support of opposition to motion for summary judgment; where record reflects owner/operator of plaintiff sole proprietorship possessed such documents by no later than particular date, he had duty to supplement discovery responses "at that point – if not sooner"); Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 826-27 (9th Cir. 2011) (affirming district court's order precluding non-medical experts from testifying at trial in plaintiff's case in chief where plaintiff failed to produce such expert reports until four and a half months after deadline); Torres v. City of Los Angeles, 548 F.3d 1197, 1212  (9th Cir. 2008) (district court abused its discretion in denying plaintiffs' motion in limine to preclude gang specialist witness from testifying where witness was permitted to testify at trial without providing a written expert report; directing district court, on remand and upon proper motion by plaintiffs, to require defendants to provide plaintiffs with expert report prepared by gang specialist if defendant wished to call him as expert witness), cert. denied, 556 U.S. 1183 (2009); Hoffman v. Constr. Protective Servs.,;  Inc., 541 F.3d 1175, 1177-80 (9th Cir. 2008) (affirming district court's exclusion of damages evidence at trial where plaintiffs failed to disclose damages calculations that were required to be produced as part of initial disclosures, at any time prior to trial and well after the discovery cut-off); Wong v. Regents of the University of California, 410 F.3d 1052, 1056, 1058-62 (9th Cir. 2005) (affirming district court's order barring testimony of experts retained to oppose motion for summary judgment where plaintiff identified experts for the first time after cut-off dates established by district court for identification of experts and discovery); Zhang v. American Gem Seafoods, Inc., 339 F.3d 1020, 1027-1028 (9th Cir. 2003) (affirming district court's exclusion of document defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

attempted to admit during party's trial testimony where document had not been produced until after the discovery cut-off date and after the witness's deposition); Fair Housing of Marin v. Combs, 285 F.3d 899, 906  (9th Cir. 2002) (rejecting contention that district court inappropriately imposed discovery sanction against party who eventually produced documents as belated compliance with discovery orders does not preclude imposition of sanctions and last minute tender of documents does not cure prejudice to opponents); Faiella v. Sunbelt Rentals, Inc., 341 F.R.D. 553, 558-65 (D.N.J. 2022) (striking discovery amendments corresponding to items that were belatedly produced after the close of discovery); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1105-07 (9th Cir. 2001) (affirming district court's order excluding testimony of damages expert at trial where plaintiff failed to produce such expert's report until almost two years after the close of discovery and just 28 days prior to trial); Quevado v. Trans-Pacific Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998) (affirming district court's order declining to consider for purposes of motion for summary judgment an expert report that was disclosed more than a month after court deadline, and was submitted in opposition to motion for summary judgment); Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997) ("Belated compliance with discovery orders does not preclude the imposition of sanctions.  Last-minute tender of documents does not cure the prejudice to opponents. . . ."; where discovery responses eventually tendered by plaintiffs came only as discovery period drawing to chose, or after it had already closed, defendants were deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy) (citation omitted).

However, as Plaintiff points out (JS at 1; P. Supp. Memo at 2), "the purpose of discovery is to aid a party in the preparation of its case[,]" Pacific Fisheries Inc. v. United States, 484 F.3d 1103, 1111 (9th Cir. 2007), and irrespective of court-imposed deadlines, a party is obligated to supplement its disclosures/discovery responses "when new information that could not have reasonably been discovered before is found[,]" Zox LLC, 2021 WL 8649853, at *2.  Thus, the Court views the "timeliness" issue in this case to turn on whether Defendant produced the Updated Policies "when," or at least reasonably contemporaneous with Defendant's reasonable discovery thereof and whether Defendant disclosed the Updated Policies at an early enough point to aid Plaintiff's preparation of the Renewed Motion (to the extent Plaintiff seeks an order precluding Defendant from using the Updated Policies to oppose such motion) or Plaintiff's preparation for trial/other future proceedings in the case (to the extent Plaintiff seeks an order precluding Defendant from using the Updated Policies going forward).  The answer to the first inquiry is clear:  Defendant did not produce the Updated Policies when or reasonably contemporaneous with its reasonable discovery thereof.  The answer to the second question is less conclusive as Plaintiff had the updated Associate Pay Policy close to four weeks before the class certification filing deadline, had the updated Facility Closing policy only five days before the filing deadline, and based on this Court's review of the Renewed Motion, appears meaningfully to have addressed both Updated Policies in its Renewed Motion and even to have taken a modicum of discovery relative thereto, notwithstanding the fact that counsel had to scramble to do so given the limited available time.  Moreover, aside from preparation of the Renewed Motion, the Court cannot conclude on this record that the Updated Policies were disclosed too late to enable Plaintiff adequately to prepare for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

trial/other future proceedings.  Although reasonable minds could differ as to whether Defendant disclosed the Updated Policies early enough to aid Plaintiff's preparation of the Renewed Motion and a reply brief, considering all of the foregoing, the Court ultimately concludes that Defendant's production of the Updated Policies was not timely.

Second, the Court finds that Defendant has not met or even attempted to meet its burden to demonstrate that its failure timely to produce the Updated Policies was "substantially justified."  Indeed, Defendant offers no explanation for its failure to produce the Updated Policies contemporaneously with the issuance thereof in May and June 2023 or why it waited until December 2023 to do so.  The absence of even an attempt to offer any such explanation tends to supports the inference Plaintiff asks this Court to draw, *i.e.*, that Defendant intentionally delayed producing the Updating Policies to gain a strategic advantage on the Renewed Motion.

Third, the Court addresses whether Defendant has met its burden to demonstrate that its failure timely to produce the Updated Policies is harmless.  Defendant argues that in light of the District Judge's finding that "even if there is an updated associate pay policy, it will have no effect on the class as alleged or the arguments for class certification[,]" (Docket No. 92), this Court cannot find that Defendant's failure timely to produce at least the updated Associate Pay Policy is anything other than harmless.  (JS at 26-27).  This Court disagrees.  While the District Judge's finding suggesting that the May 3, 2023 updated version of the Associate Pay Policy is not material to his assessment of the Renewed Motion, the District Judge was not asked to address and did not directly address whether Defendant's failure to produce such document or the June 14, 2023 version of the Facility Closing policy at an earlier juncture is "harmless" for purposes of Rule 37(c).  As indicated above, to determine whether a late disclosure is harmless under Rule 37(c), courts consider (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.  The Court considers the District Judge's finding in its assessment of the first factor and tends to agree, based upon its own review of Plaintiff's Renewed Motion and Defendant's opposition thereto, and of course subject to any different determination that may be made by the District Judge, that the Updated Policies are unlikely to have a material impact on the resolution of Plaintiff's Renewed Motion.  However, it is also fair to conclude that the timing of Defendant's disclosure definitely "surprised" Plaintiff and deprived him of the ability to conduct further discovery regarding the Updated Policies and to incorporate any additional facts he may have learned therefrom into his Renewed Motion.  See Jones v. Travelers Casualty Insurance Co. of Am., 304 F.R.D. 677, 681-82 (N.D. Cal. 2015) (defendant's failure to produce documents before close of fact discovery was not harmless because untimely disclosure deprived plaintiffs of ability to conduct further discovery relative thereto and to incorporate any additional facts it may have learned into expert reports and dispositive motions); Cf. Ketayi v. Health Enrollment Group, 2022 WL 15524585, at *3 n.5 (S.D. Cal. Oct. 27, 2022) (denying defendant's motion for a protective order staying discovery pending resolution of motion to dismiss where defendant's failure to produce discovery relevant and necessary to class certification would prejudice plaintiffs facing impending

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|----------|----------------------|------|------------------|

| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. |
|-------|--------------------------------------------------------------|

deadline to move for class certification). The latter is sufficient to establish "prejudice" for purposes of the first prong of the analysis. As to the second prong, the record suggests that Plaintiff has to some degree been able to cure the prejudice (*i.e.*, he has meaningfully addressed the Updated Policies in his Renewed Motion and gathered evidence about them during those depositions that were scheduled to occur before his filing deadline for the Renewed Motion) but in other ways has not been able to do so (*e.g.*, he has been unable to depose Defendant regarding the Updated Policies). As to the third factor, the Court cannot find that the tardy disclosure is likely to disrupt the trial or, given the District Judge's rulings to date, that it is likely to disrupt the schedule relative to the Renewed Motion. Finally, on this record, and in the absence of any evidence from Defendant – who has the burden here – to demonstrate otherwise, the Court is compelled to conclude that bad faith or willfulness is involved in Defendant's tardy disclosure of the Updated Policies. Based on its consideration of the foregoing factors, the Court ultimately concludes that Defendant has failed to meet its burden to demonstrate that its tardy production of the Updated Policies was harmless.

Fourth, in light of the foregoing, the Court must assess the appropriate remedy. Rule 37(c) affords the Court discretion to strike Defendant's references to the Updated Policy from its opposition, to prohibit Defendant from using/relying upon the Updated Policies going forward, or to impose another appropriate sanction. Here, the Court does not view it to be appropriate or practical to strike any reference to the Updated Policies from Defendant's opposition to the Renewed Motion since Plaintiff himself has placed the Updated Policies before the District Judge and thoroughly addressed them in the Renewed Motion, Defendant's own references thereto in its opposition are minimal and not central to the analysis, and, as noted above, the Updated Policies are unlikely to be material to the resolution of the Renewed Motion. Nor does the Court view it to be appropriate to prohibit Defendant from using the Updated Policies at trial/going forward as no other dates have been set in the case and doing so appears to the Court to be too harsh a remedy. The Court does, however, view it to be appropriate to grant Plaintiff the alternative relief he seeks – an immediate deposition of Defendant on categories related to the Updated Policies – something further discussed below. While this Court obviously cannot predict whether Plaintiff will thereby acquire any evidence helpful to him on the class certification issue or whether the District Judge will be amenable to considering any such evidence given the current briefing schedule on the Renewed Motion, allowing such a deposition at least may preserve Plaintiff's options going forward. The Court rejects Defendant's contention (JS at 29) that Plaintiff should not be allowed to conduct such a deposition merely because the Renewed Motion has already been filed.

Fifth, although largely mooted by the foregoing, the Court addresses whether Plaintiff was required to seek leave of Court before issuing the second and third Rule 30(b)(6) deposition notices on December 24, 2023 and January 9, 2024. (Grombacher Exs. 4, 6). As indicated above, the Ninth Circuit has not resolved the issue and other courts are split. See supra Part IIIE and cases cited therein. As Defendant points out (JS at 28), this Court has previously indicated that it agrees with the reasoning and decisions of those courts which have held that the prior judicial approval requirement applies to deposition notices and subpoenas issued to corporations pursuant to Rule 30(b)(6). Burdick v. Union

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05122-SVW-JC | Date | February 9, 2024 |
|---|---|---|---|
| Title | Carlos Sanchez, etc. v. Sam's West, Inc. dba Sam's Club, etc. | | |

Sec. Ins. Co., 2008 WL 5102851, at *3 (C.D. Cal. Dec. 3, 2008) (citations omitted).  The Court continues to take that position and views the arguable non-overlapping nature of deposition topics covered by an initial deposition notice with topics proposed to be covered in a new deposition notice and other equitable matters identified by Plaintiff (see JS at 16-20; P. Supp. Memo at 5), as factors to be considered in assessing whether a court should grant leave to depose a deponent who has already been deposed.  See, e.g., Colonial BancGroup Inc. v. PricewaterhouseCoopers LLP, 2016 WL 9687545, at *5 (M.D. Ala. June 20, 2016) (granting leave to take second Rule 30(b)(6) deposition when the first deposition did not pertain to merits of the case).  Accordingly, the Court sustains Defendant's objection that the aforementioned second and third deposition notices were issued without leave of court and were invalid/void when issued.

Finally, although again largely mooted by the foregoing, the Court addresses Plaintiff's alternative request for leave to take a further Rule 30(b)(6) deposition on the categories listed in the second and third deposition notices.  Based on the record summarized herein, the Court finds that affording Plaintiff leave to take such a further deposition on the categories set out in the second and third deposition notices is both consistent with Rule 26(b)(2) and the above-referenced authorities governing pre-class certification discovery and appropriate to ameliorate the impact of Defendant's failure to produce the Updated Policies to Plaintiff at a more timely juncture.  Accordingly, the Court grants Plaintiff's Motion to the extent it alternatively requests leave to take a further Rule 30(b)(6) deposition of Defendant on the categories/topics included in the aforementioned second and third deposition notices and an order compelling Defendant to designate and produce a witness to testify on such categories/ topics.  The Court authorizes Plaintiff forthwith to issue a new deposition notice including all of the categories/topics set out in the foregoing second and third deposition notices for a deposition to take place on a date no earlier than fourteen (14) days from the date of this order (ideally after conferring with Defendant's counsel so as to avoid the need for further judicial intervention), overrules Defendant's other objections to the second and third deposition notices/the categories therein without prejudice to Defendant's ability to assert any such objections (*e.g.*, privilege) it may deem appropriate during such deposition, and directs Defendant to designate and produce a witness to testify regarding the aforementioned categories as noticed.

IT IS SO ORDERED.