**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:   (805) 270-7589
E-Mail:  mbradley@bradleygrombacher.com
          kgrombacher@bradleygrombacher.com
          lking@bradleygrombacher.com

**MAJARIAN LAW GROUP APC**
Sahag Majarian, II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:  (818) 609-0807
Facsimile:   (818) 609-0892
E-Mail: sahagii@aol.com

Attorneys for Plaintiff, CARLOS SANCHEZ individually
and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SANCHEZ, individually and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAM'S WEST, INC. dba SAM'S CLUB, an Arkansas corporation,<br><br>Defendant. | Case No. **2:21-CV-05122-SVW-JC**<br><br>**PLAINTIFF CARLOS SANCHEZ'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Date: March 4, 2024<br>Time: 1:30 p.m.<br>Courtroom: 10A<br><br>Complaint filed: June 23, 2021 |

Plaintiff Carlos Sanchez hereby submits his objections to the evidence improperly submitted and relied upon by Defendant Sam's West, Inc. ("Sam's Club") in its Opposition to Plaintiff's Renewed Motion for Class Certification:

## I.    BRIEF SUMMARY OF OBJECTIONS TO DEFENDANT'S EVIDENCE

### A. The Court Must Strike or Disregard Declarations of Closing Managers Who Defendant Did Not Identify in Disclosures or Discovery

In Objections Nos. 4-23, below, Plaintiff moves to strike the declarations of 20 closing managers who Defendant did not identify in its (1) initial or supplemental disclosures under Rule 26(a)(1) as individuals with knowledge of Sam's Club's defenses, or (2) responses to Plaintiff's Special Interrogatory No. 12, which asks Sam's Club to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME PERIOD." (*See,* ECF 103-1 at p. 242-243).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic," and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at \*3 (C.D. Cal. Jan. 7, 2003) (emphasis in original) (cleaned up).

For these reasons, in addition to the arguments made in the specific objections, below, the Court must strike or disregard the 20 declarations of undisclosed closing managers.

### B. The Court Should Strike or Disregard Unsigned Declarations

In Objections Nos. 1-3, below, Plaintiff moves to strike the declarations of Bobby Palomarez, Chris Nugent, and Carlos Gonzalez, as the declarations were not signed under penalty of perjury. (*See*, 28 U.S. Code § 1746.)

### C. The Court Should Strike or Disregard Declarations of Associates Who Are Not Putative Class Members

In Objections Nos. 24-39, Plaintiff moves to strike the declarations of 16 associates who,

-1-

per their own declaration testimony, are not Putative Class Members, as they do not work shifts that end at or after **10:00 p.m.**, and/or are team leads. (*See*, ECF 95 at 2 (emphasis added), class definitions explicitly excluding team leads, and defining "closing shifts" as "a shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between **10:00 p.m.** and 6:00 a.m.".) (*See also*, Reply at 1 (emphasis added), class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between **10:00 p.m.** and 11:55 p.m.")

In <u>Objections Nos. 24-25</u>, Plaintiff moves to strike the declarations of Brenda Martinez and Michael Stringer, both of which Sam's Club identifies as "Putative Class Member Declarations." Per their own declaration testimony, however, neither of these individuals fall within the putative class: Brenda Martinez testifies that she does not work shifts that end at or after 10:00 p.m.; Michael Stringer testifies that he is a team lead. (*See*, ECF 95 at 2, *supra*.)

In <u>Objections Nos. 26-33</u>, Plaintiff moves to strike the declarations of 8 individuals who, per their own declaration testimony, do not fall within the putative class, as they do not work shifts that end at or after 10:00 p.m. (*See*, ECF 95 at 2, *supra*.) Further, one of these declarants, Robin Flores, previously recanted the declaration that Defendant submitted. (*See*, ECF 54-4.)

In <u>Objections Nos. 34-39</u>, Plaintiff moves to strike the declarations of 6 individuals who, per their own declaration testimony, do not fall within the putative class, as they are not only team leads, but also do not work shifts that end at or after 10:00 p.m. (*See*, ECF 95 at 2, *supra*.)

Accordingly, these declarations are foundationless and wholly irrelevant. Even if they were relevant, *arguendo*, any probative value they might have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. (Fed. R. Evidence § 403.) The honorable Court should accordingly strike or disregard the declarations, as it disregarded declarations of individuals who did not fall into the putative class in its class certification ruling in *Nevarez v. Costco Wholesale Corporation*, 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).

**D.  <u>The Court Should Strike or Disregard the Declaration of Robert Crandall</u>**

In <u>Objection No. 41</u>, Plaintiff moves to strike the Declaration of Robert Crandall, MBA, pursuant to Fed. R. Evidence § 702, on the grounds that Mr. Crandall's opinions: (1) will not help the trier of fact to understand the evidence or determine a fact in issue; (2) are not based

-2-

on sufficient facts or data; (3) are not the product of reliable principles and methods; and (4) do not reflect a reliable application of the principles and methods to the facts of the case. (*See*, *Sali v. Corona Regional Medical Center* (9th Cir. 2018) 909 F.3d 996, 1006 ("in evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert*.") (citations omitted).)

Mr. Crandall's declaration relies on assertions that are "not conclusions from a valid scientific analysis." (Dr. Jeffrey Petersen's Reply to the Declaration of Robert Crandall at ¶ 2.) For example, and most significantly, Mr. Crandall asserts that the survey responses are unreliable. This assertion is based on the deposition testimony of 30 individuals who participated in the survey. Mr. Crandall did not conduct a valid scientific process for obtaining the deposition testimony that could be extrapolated to the class, because he did not select a scientifically acceptable random sample of survey participants for the depositions. In fact, "the probability that the sample of deponents is not a random sample is 99.4 percent." (Id. at ¶ 3.) "Mr. Crandall's analysis of reliability is based on a biased data set and is therefore worthless." (*Id.* at ¶¶ 3, 11-16.) Accordingly, and in addition to the in-depth analysis performed by Dr. Petersen in his Rebuttal Report, the Court should strike or disregard the findings in Mr. Crandall's declaration.

## II.     PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| NO. | EVIDENCE TO BE STRICKEN OR DISREGARDED | GROUNDS FOR OBJECTION |
|-----|----------------------------------------|-----------------------|
| 1. | Declaration of Bobby Palomarez, ECF No. 105-1 at 77-79. | Plaintiff moves to strike the Declaration of Mr. Palomarez in its entirety on the grounds that it was not signed under penalty of perjury. (28 U.S. Code § 1746.)<br><br>**Ruling:**<br>Sustained: _____<br>Overruled: _____ |

| 2. | Declaration of Chris Nugent, ECF No. 105-1 at 92-95. | Plaintiff moves to strike the Declaration of Mr. Nugent in its entirety on the grounds that it was not signed under penalty of perjury.  (28 U.S. Code § 1746.)<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
|----|----|----|
| 3. | Declaration of Carlos Gonzalez, ECF No. 105-1 at 106-109. | Plaintiff moves to strike the Declaration of Mr. Gonzalez in its entirety on the grounds that it was not signed under penalty of perjury.  (28 U.S. Code § 1746.)<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
| 4. | Declaration of Georgia Melenbacker, ECF No. 105-1 at 111-115. | Plaintiff moves to strike the declaration of closing manager Georgia Melenbacker in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period."  (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure. |

-4-

Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Georgia Melenbacker as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers*

-5-

*Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at *2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence

-6-

was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.,* 2013 WL 12173892, at *7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.,* 2013 WL 4017363, at *4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.

|   | | Ruling:<br>Sustained: \_\_\_\_\_<br>Overruled: \_\_\_\_\_ |
|---|---|---|
| 5. | Declaration of John Allen, ECF No. 105-1 at 117-120. | Plaintiff moves to strike the declaration of closing manager John Allen in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.<br><br>Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).<br><br>Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and |

-8-

Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify John Allen as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR CLASS CERTIFICATION

that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at \*4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at \*6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at \*2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410

F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.

**Ruling:**

**Sustained: _____**

**Overruled: _____**

| 6. | Declaration of Cynthia Dasilva, ECF No. 105-1 at 122-125. | Plaintiff moves to strike the declaration of closing manager Cynthia Dasilva in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR CLASS CERTIFICATION

242-243.)

As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.

Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Cynthia Dasilva as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-

-12-

executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De*

-13-

*Amaral,* 2014 WL 572268, at \*2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.,* 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.,* 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California,* 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.,* 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.,* 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and

-14-

| | | |
|---|---|---|
| | | was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.<br><br>**Ruling:**<br>**Sustained: _____**<br>**Overruled: _____** |
| 7. | Declaration of Markeith Brackens, ECF No. 105-1 at 127-130. | Plaintiff moves to strike the declaration of closing manager Markeith Brackens in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.<br><br>Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or |

incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Markeith Brackens as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from

-16-

relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at *2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at *7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at *4 (N.D. Cal. July 31, 2013).

-17-

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

| | | The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 8. | Declaration of Pete Guy, ECF No. 105-1 at 132-135. | Plaintiff moves to strike the declaration of closing manager Pete Guy in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)

As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.

Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Pete Guy as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to

-19-

provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico,*

-20-

*Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at *2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at *7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at *4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of*

-21-

| | | |
|---|---|---|
| | | *Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
| 9. | Declaration of Daniel Mora, ECF No. 105-1 at 137-140. | Plaintiff moves to strike the declaration of closing manager Daniel Mora in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.<br><br>Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to |

an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Daniel Mora as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris*

-23-

*v. United States*, 2003 WL 25781906, at \*3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at \*4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at \*6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at \*2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.,*

-24-

2013 WL 12173892, at *7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at *4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)).  Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)).  The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.

**Ruling:**

**Sustained:** _____

**Overruled:** _____

-25-

| 10. | Declaration of Kenny Gonzales, ECF No. 105-1 at 142-144. | Plaintiff moves to strike the declaration of closing manager Kenny Gonzalez in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.) |
| --- | --- | --- |
| | | As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure. |
| | | Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). |
| | | Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Kenny Gonzalez as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a |

-26-

manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding

-27-

reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at \*6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at \*2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.,* 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.,* 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem*

-28-

| | | |
|---|---|---|
| | | *Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 11. | Declaration of David Sowa, ECF No. 105-1 at 146-149. | Plaintiff moves to strike the declaration of closing manager David Sowa in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition |

contravenes the Federal Rules of Civil Procedure.

Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify David Sowa as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers*

-30-

*Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at *2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence

-31-

was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.

| | | |
|---|---|---|
| | | **Ruling:**<br><br>**Sustained: _____**<br><br>**Overruled: _____** |
| 12. | Declaration of Brian Baumgartner, ECF No. 105-1 at 151-153. | Plaintiff moves to strike the declaration of closing manager Brian Baumgartner in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.<br><br>Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).<br><br>Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and |

-33-

Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Brian Baumgartner as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during

-34-

class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at \*4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at \*6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at \*2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir.

-35-

| | | |
|---|---|---|
| | | 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)).  Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)).  The exceptions to rule 37(c)(1)'s  automatic exclusion cannot  be satisfied. **Ruling:** **Sustained:** _____ **Overruled:** _____ |
| 13. | Declaration of Ange Yanez, ECF No. 105-1 at 155-157. | Plaintiff moves to strike the declaration of closing manager Ange Yanez in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the |

RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)

As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.

Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Ange Yanez as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or

-37-

harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written

-38-

discovery that defendants' timely served"); *De Amaral*, 2014 WL 572268, at *2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones*, 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at *7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at *4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the

-39-

| | | |
|---|---|---|
| | | evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
| 14. | Declaration of Dwayne Humphrey, ECF No. 105-1 at 159-161. | Plaintiff moves to strike the declaration of closing manager Dwayne Humphrey in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.<br><br>Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the |

disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Dwayne Humphrey as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at *2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at *7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at *4 (N.D. Cal. July 31, 2013).

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | | The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied. **Ruling:** **Sustained:** _____ **Overruled:** _____ |
| 15. | Declaration of Michelle Draper, ECF No. 105-1 at 163-166. | Plaintiff moves to strike the declaration of closing manager Michelle Draper in its entirety, as this individual was not identified by Defendant's initial |

-43-

or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)

As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.

Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Michelle Draper as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal

-45-

request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at *2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.,* 2013 WL 12173892, at *7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.,* 2013 WL 4017363, at *4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was

-46-

| | | |
|---|---|---|
| | | not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
| 16. | Declaration of Kaitlyn Farias, ECF No. 105-1 at 168-171. | Plaintiff moves to strike the declaration of closing manager Kaitlyn Farias in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.<br><br>Pursuant to Rule 26(e), a party who has made a |

-47-

disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Kaitlyn Farias as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent

-48-

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at *2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery);

-49-

*see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)).  Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)).  The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.

**Ruling:**

**Sustained:** _____

-50-

|   |   | **Overruled:** _____ |
|---|---|---|
| 17. | Declaration of Antonio Solorzano, ECF No. 105-1 at 173-175. | Plaintiff moves to strike the declaration of closing manager Antonio Solorzano in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.) |
|   |   | As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure. |
|   |   | Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). |
|   |   | Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Antonio Solorzano as either (1) an individual with knowledge of |

-51-

Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media*

-52-

*USA,* 2015 WL 347197, at \*4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at \*6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at \*2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.,* 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.,* 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC,* 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California,* 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.,* 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.,* 143 F.3d

-53-

1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)).  Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)).  The exceptions to rule 37(c)(1)'s  automatic exclusion cannot  be satisfied.

**Ruling:**

**Sustained: _____**

**Overruled: _____**

| 18. | Declaration of Elizabeth Rodriguez, ECF No. 105-1 at 177-179. | Plaintiff moves to strike the declaration of closing manager Elizabeth Rodriguez in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)

As a result, Defendant's attempted use of this |

-54-

manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.

Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Elizabeth Rodriguez as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to

-55-

comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at *2-3 (imposing Rule 37(c)(1) sanctions against party that submitted

-56-

previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones*, 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at *7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at *4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions

-57-

| | | |
|---|---|---|
| | | to rule 37(c)(1)'s automatic exclusion cannot be satisfied.<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 19. | Declaration of Anthony Hughes, ECF No. 105-1 at 181-183. | Plaintiff moves to strike the declaration of closing manager Anthony Hughes in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.<br><br>Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). |

-58-

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Anthony Hughes as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the

-59-

declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at *2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc*., 2013 WL 12173892, at *7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co*., 2013 WL 4017363, at *4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office*

-60-

| | | |
|---|---|---|
| | | *Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)).  Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)).  The exceptions to rule 37(c)(1)'s  automatic exclusion cannot  be satisfied.<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
| 20. | Declaration of Lorelei Crespin, ECF No. 105-1 at 185-187. | Plaintiff moves to strike the declaration of closing manager Lorelei Crespin in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors   of   the   PUTATIVE   CLASS |

MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)

As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.

Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Lorelei Crespin as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) ***is not allowed to use that information to supply evidence on a motion, at a hearing,*** or at

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at *6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment,"

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at \*2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse

-64-

| | | |
|---|---|---|
| | | of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
| 21. | Declaration of Carlos Calderon, ECF No. 105-1 at 189-191. | Plaintiff moves to strike the declaration of closing manager Carlos Calderon in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.<br><br>Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the |

party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Carlos Calderon as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

-66-

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at \*4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at \*6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at \*2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

-67-

| | | |
|---|---|---|
| | | The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)).  Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)).  The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 22. | Declaration of Gabriel Sanchez, ECF No. 105-1 at 193-196. | Plaintiff moves to strike the declaration of closing manager Gabriel Sanchez in its entirety, as this individual was not identified by Defendant's initial |

-68-

or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)

As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.

Pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Gabriel Sanchez as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

-69-

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at *3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at *4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal

-70-

request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at \*6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at \*2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery); *see also OEM-Tech v. Video Gaming Techs., Inc.,* 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.,* 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC,* 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California,* 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.,* 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.,* 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1028 (9th Cir. 2003)). Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was

| | | not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)). The exceptions to rule 37(c)(1)'s automatic exclusion cannot be satisfied.<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
|---|---|---|
| 23. | Declaration of Mario Rodriguez, ECF No. 105-1 at 198-200. | Plaintiff moves to strike the declaration of closing manager Mario Rodriguez in its entirety, as this individual was not identified by Defendant's initial or supplemental disclosures, or in response to Plaintiff's Special Interrogatory No. 12, which asks Sam's to "IDENTIFY ANY managers or immediate supervisors of the PUTATIVE CLASS MEMBERS employed by YOU, during the RELEVANT TIME Period." (*See*, ECF 103-1 at 242-243.)<br><br>As a result, Defendant's attempted use of this manager's declaration to support its opposition contravenes the Federal Rules of Civil Procedure.<br><br>Pursuant to Rule 26(e), a party who has made a |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

disclosure under Rule 26(a) or who has responded to an interrogatory (such as Plaintiff's Special Interrogatory No. 12) must supplement or correct its disclosures or responses in a timely manner if the party learns that in some material respect the disclosures or responses are incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Here, the manager's identity is responsive to both the required disclosures under Rule 26(a)(1), and Plaintiff's Special Interrogatories, No. 12. Defendant has failed to identify Mario Rodriguez as either (1) an individual with knowledge of Sam's Club's defenses (per Rule 26(a)(1)), or (2) a manager or immediate supervisor of the PMCs (Plaintiff's Special Interrogatory No. 12).

Per Fed. R. Civ. P. 37(c)(1), a party who fails to provide information as required by Rules 26(a) and 26(e) *is not allowed to use that information to supply evidence on a motion, at a hearing,* or at trial, unless the failure was substantially justified or harmless. (Emphasis added.) Rule 37(c)(1) is "self-executing" and "automatic"; and it is the non-disclosing party's burden to prove that its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "Federal courts apply [Rule 37] strictly and *require* exclusion of such evidence absent

-73-

harmless error or substantial justification." *Harris v. United States*, 2003 WL 25781906, at \*3 (C.D. Cal. Jan. 7, 2003) (emphasis original) (cleaned up).

Accordingly, Defendant must be precluded from relying on this testimony from the undisclosed manager. *See, e.g., Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. at 606-608 (excluding the declaration of a witness that was submitted during class certification briefing because the court found that the party had hidden the identity of the witness from the opposing party until the deadline for class certification discovery had passed); *BWP Media USA,* 2015 WL 347197, at \*4-6 (precluding reliance on exhibits submitted for the first time with summary judgment motion, and noting that defendant failed to respond to plaintiff's informal request for discoverable information); *Malico, Inc.,* 2013 WL 4482503, at \*6-7 (striking photographs "presented for the first time in [plaintiff's] motion for partial summary judgment," which "certainly are responsive to the written discovery that defendants' timely served"); *De Amaral,* 2014 WL 572268, at \*2-3 (imposing Rule 37(c)(1) sanctions against party that submitted previously undisclosed evidence in support of opposition to summary judgment, where evidence was responsive to discovery requests); *Jones ,* 304 F.R.D. at 680-682 (precluding party from relying on documents produced after close of discovery);

-74-

*see also OEM-Tech v. Video Gaming Techs., Inc.*, 2013 WL 12173892, at \*7 (N.D. Cal. Jan. 8, 2013); *Naser v. Metro. Life Ins. Co.*, 2013 WL 4017363, at \*4 (N.D. Cal. July 31, 2013).

The Ninth Circuit has repeatedly affirmed trial court rulings to exclude evidence not timely disclosed (*see, Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Yeti by Molly, Ltd.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003)).  Similarly, the Ninth Circuit has repeatedly reversed trial courts that admit evidence that was not timely disclosed in discovery. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008) (the district court's admitting of Defendants' evidence not disclosed in discovery was an abuse of discretion; Defendants' failure to disclose the evidence in discovery prejudiced the Plaintiffs and was not "substantially justified" or "harmless" under Rule 37(c)(1)).  The exceptions to rule 37(c)(1)'s  automatic exclusion cannot  be satisfied.

**Ruling:**

**Sustained: _____**

-75-

| | | |
|---|---|---|
| | | **Overruled:** _____ |
| 24. | Declaration of Brenda Martinez, ECF No. 104-1 at 3-5. | Plaintiff moves to strike the purported "Putative Class Member Declaration" of Brenda Martinez in its entirety, as she does not work shifts that end at or after 10:00 p.m. as stated in her testimony, and as such, does not fall into the putative class. (See, ECF 104-1 at 3, ¶ 2; ECF 103 at 6, where Defendant identifies the Declaration of Brenda Martinez under the caption "Putative Class Member Declarations"; ECF 95 at 2, defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration wholly irrelevant. Even if it were relevant, arguendo, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez.* Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., |

-76-

| | | Dec. 26, 2019). |
|---|---|---|
| | | **Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 25. | Declaration of Michael Stringer, ECF No. 104-1 at 11-13. | Plaintiff moves to strike the purported "Putative Class Member Declaration" of Michael Stringer in its entirety, as he is a team lead as stated in his testimony, and as such, does not fall into the putative class. (*See*, ECF 104-1 at 11, ¶ 1; ECF 103 at 6, where Defendant identifies the Declaration of Michael Stringer under the caption "Putative Class Member Declarations"; ECF 95 at 2, explicitly excluding team leads from the class definitions.) This renders the declaration wholly irrelevant. Even if it were relevant, *arguendo*, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).<br><br>**Ruling:**<br>**Sustained:** _____ |

-77-

| | | |
|---|---|---|
| | | **Overruled:** _____ |
| 26. | Declaration of Daniel Loaiza, ECF No. 104-1 at 28-29. | Plaintiff moves to strike the Declaration of Daniel Loaiza, as he does not work shifts that end at or after 10:00 p.m. as stated in his testimony, and as such, does not fall into the putative class. (See, ECF 104-1 at 28, ¶ 2; ECF 95 at 2, defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration wholly irrelevant. Even if it were relevant, arguendo, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. Nevarez v. Costco Wholesale Corporation, 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |

-78-

| 27. | Declaration of Leonardo Adrian, ECF No. 104-1 at 31-33. | Plaintiff moves to strike the Declaration of Leonardo Adrian, as he does not work shifts that end at or after 10:00 p.m. as stated in his testimony, and as such, does not fall into the putative class. (See, ECF 104-1 at 31, ¶ 2; ECF 95 at 2, defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration wholly irrelevant. Even if it were relevant, arguendo, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
| 28. | Declaration of Peter Salinas, | Plaintiff moves to strike the Declaration of Peter |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | ECF No. 104-1 at 35-36. | Salinas, as he does not work shifts that end at or after 10:00 p.m. as stated in his testimony, and as such, does not fall into the putative class. (*See*, ECF 104-1 at 35, ¶ 2; ECF 95 at 2, defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration wholly irrelevant. Even if it were relevant, arguendo, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).<br><br>**Ruling:**<br>**Sustained: _____**<br>**Overruled: _____** |
| 29. | Declaration of Anthony Alverez, ECF No. 104-1 at | Plaintiff moves to strike the Declaration of Anthony Alverez, as he does not work shifts that end at or after |

-80-

| | | |
|---|---|---|
| | 38-40. | 10:00 p.m. as stated in his testimony, and as such, does not fall into the putative class. (See, ECF 104-1 at 38, ¶ 2; ECF 95 at 2, defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m.."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m..".) This renders the declaration wholly irrelevant. Even if it were relevant, arguendo, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at \*3 (C.D. Cal., Dec. 26, 2019).<br><br>**Ruling:**<br>**Sustained: _____**<br>**Overruled: _____** |
| 30. | Declaration of James Wilkes, ECF No. 104-1 at 42-44. | Plaintiff moves to strike the Declaration of James Wilkes, as he does not work shifts that end at or after 10:00 p.m. as stated in his testimony, and as such, |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | | does not fall into the putative class. (See, ECF 104-1 at 42, ¶ 2; ECF 95 at 2, defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration wholly irrelevant.  Even if it were relevant, arguendo, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403.  The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).<br><br>**Ruling:**<br>**Sustained:** _____<br>**Overruled:** _____ |
| 31. | Declaration of May Mooc, ECF No. 104-1 at 46-47. | Plaintiff moves to strike the Declaration of May Mooc, as she does not work shifts that end at or after 10:00 p.m. as stated in her testimony, and as such, does not fall into the putative class. (See, ECF 104-1 |

-82-

| | | at 46, ¶ 2; ECF 95 at 2, defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration wholly irrelevant. Even if it were relevant, arguendo, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. <u>Nevarez v. Costco Wholesale Corporation</u> 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).<br><br>**Ruling:**<br>**Sustained:** \_\_\_\_\_<br>**Overruled:** \_\_\_\_\_ |
| 32. | Declaration of Annabell Cervantez, ECF No. 104-1 at 49-50. | Plaintiff moves to strike the Declaration of Annabell Cervantez, as she does not work shifts that end at or after 10:00 p.m. as stated in her testimony, and as such, does not fall into the putative class. (See, ECF 104-1 at 49, ¶ 2; ECF 95 at 2, defining "closing |

-83-

shifts" in the class definitions as "a shift in which the Associate's punches reflect that they clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m.."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration wholly irrelevant. Even if it were relevant, arguendo, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).

**Ruling:**

**Sustained:** _____

**Overruled:** _____

| 33. | Declaration of Robin Flores, ECF No. 104-1 at 52-54 | Plaintiff moves to strike the Declaration of Robin Flores, as she does not work shifts that end at or after 10:00 p.m. as stated in her testimony, and as such, does not fall into the putative class. (See, ECF 104-1 at 52, ¶ 2; ECF 95 at 2, defining "closing shifts" in the class definitions as "a shift in which the |

Associate's punches reflect that they clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration wholly irrelevant.  Even if it were relevant, arguendo, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403.  The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).

Further, this declaration should be stricken or disregarded because after Defendant used this exact declaration in its Opposition to Plaintiff's first Motion for Class Certification, Robin Flores submitted a declaration in support of Plaintiff's Reply, *recanting* her prior testimony (the declaration at issue). (See, ECF No. 54-4.)

**Ruling:**

**Sustained:** \_\_\_\_\_

-85-

| | | | **Overruled:** _____ |
|---|---|---|---|
| 34. | Declaration of Matthew Haros, ECF No. 104-1 at 56-58. | | Plaintiff moves to strike the Declaration of Matthew Haros in its entirety, as he testifies in his declaration that he is not only a team lead, *but also* does not work shifts that end at or after 10:00 p.m., and as such, does not fall into the putative class. (*See*, ECF 104-1 at 56, ¶¶ 1-2; ECF 95 at 2, explicitly excluding team leads from the class definitions, and defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration foundationless and wholly irrelevant. Even if it were relevant, *arguendo*, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez.* Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019). |

-86-

| | | |
|---|---|---|
| | | **Ruling:**<br><br>**Sustained:** \_\_\_\_\_<br><br>**Overruled:** \_\_\_\_\_ |
| 35. | Declaration of Laura Perkins, ECF No. 104-1 at 60-61. | Plaintiff moves to strike the Declaration of Laura Perkins in its entirety, as she testifies in her declaration that she is not only a team lead, *but also* does not work shifts that end at or after 10:00 p.m., and as such, does not fall into the putative class. (*See*, ECF 104-1 at 60, ¶¶ 1-2; ECF 95 at 2, explicitly excluding team leads from the class definitions, and defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration foundationless and wholly irrelevant. Even if it were relevant, *arguendo*, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification |

-87-

| | | |
|---|---|---|
| | | ruling in *Nevarez.* Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at \*3 (C.D. Cal., Dec. 26, 2019).<br><br>**Ruling:**<br>**Sustained: \_\_\_\_\_**<br>**Overruled: \_\_\_\_\_** |
| 36. | Declaration of Christin Anderson, ECF No. 104-1 at 63-65. | Plaintiff moves to strike the Declaration of Christin Anderson in its entirety, as she testifies in her declaration that she is not only a team lead, *but also* does not work shifts that end at or after 10:00 p.m., and as such, does not fall into the putative class. (*See*, ECF 104-1 at 63, ¶¶ 1-2; ECF 95 at 2, explicitly excluding team leads from the class definitions, and defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration foundationless and wholly irrelevant. Even if it were relevant, *arguendo*, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should |

-88-

| | | |
|---|---|---|
| | | accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).<br><br>**Ruling:**<br>**Sustained: _____**<br>**Overruled: _____** |
| 37. | Declaration of Sayda Guzman, ECF No. 104-1 at 67-69. | Plaintiff moves to strike the Declaration of Sayda Guzman in its entirety, as she testifies in her declaration that she is not only a team lead, *but also* does not work shifts that end at or after 10:00 p.m., and as such, does not fall into the putative class. (*See*, ECF 104-1 at 67, ¶¶ 1-2; ECF 95 at 2, explicitly excluding team leads from the class definitions, and defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration foundationless and wholly irrelevant. Even if it were relevant, *arguendo*, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, |

-89-

confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evidence 403. The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez*. Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019).

**Ruling:**

**Sustained: _____**

**Overruled: _____**

| 38. | Declaration of Eduardo Nunez, ECF No. 104-1 at 71-74. | Plaintiff moves to strike the Declaration of Eduardo Nunez in its entirety, as he testifies in his declaration that he is not only a team lead, *but also* does not work shifts that end at or after 10:00 p.m., and as such, does not fall into the putative class. (*See*, ECF 104-1 at 71, ¶¶ 1-2; ECF 95 at 2, explicitly excluding team leads from the class definitions, and defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration foundationless and wholly |

-90-

| | | |
|---|---|---|
| | | irrelevant. Even if it were relevant, *arguendo*, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evidence 403.   The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez.* Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019). **Ruling:** **Sustained: _____** **Overruled: _____** |
| 39. | Declaration of Sherry Estrada, ECF No. 104-1 at 76-78. | Plaintiff moves to strike the Declaration of Sherry Estrada in its entirety, as she testifies in her declaration that she is not only a team lead, *but also* does not work shifts that end at or after 10:00 p.m., and as such, does not fall into the putative class. (*See*, ECF 104-1 at 76, ¶¶ 1-2; ECF 95 at 2, explicitly excluding team leads from the class definitions, and defining "closing shifts" in the class definitions as "a shift in which the Associate's punches reflect that they are clocked out for the day at any time at or between 10:00 p.m. and 6:00 a.m."; Reply at 1, class definitions explicitly excluding team leads, and defining "closing shifts" as a "shift in which the Associate's punches reflect |

| | | |
|---|---|---|
| | | that they are clocked out for the day at any time at or between 10:00 p.m. and 11:55 p.m.".) This renders the declaration foundationless and wholly irrelevant. Even if it were relevant, *arguendo*, any probative value it may have is *substantially outweighed* by the danger of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evidence 403.  The honorable Court should accordingly disregard this declaration, as it disregarded declarations of individuals who did not fall into the putative class, in its class certification ruling in *Nevarez.* Nevarez v. Costco Wholesale Corporation 2019 WL 7421960, at *3 (C.D. Cal., Dec. 26, 2019). <br><br> **Ruling:** <br> **Sustained:** _____ <br> **Overruled:** _____ |
| 40. | Defendant's evidence in support of its contention that hourly associates have submitted time adjustments to be compensated for exit delays, including: <br><br> **Other Hourly Associates:** Declaration of Daniel Lopez Loaiza (6628), ¶ 4 ("On the one or two | **Objection.** Best Evidence Rule. Defendant has not submitted any time adjustment data to substantiate its claim that hourly associates have submitted time adjustments to be compensated for exit delays. <br><br> **Ruling:** <br> **Sustained:** _____ <br> **Overruled:** _____ |

-92-

occasions when I did have to wait it was because I clocked out before the key carrier arrived, but on those occasions I did submit a time adjustment to be paid for that time.").

**Plaintiff's PCM Declarants:**
Declaration of Pablo Olavarria, Jr. (ECF No. 96, p. 732), ¶ 13 (confirming that he was allowed by management to adjust his time when he waited off-the-clock after closing); Deposition of Jessica Butler, pp. 19:15-24; 20:13-24 (admitting to submitting a time adjustment to change the time she clocked out at the end of the day to account for waiting time).

**PCM Survey Respondents:**
Deposition of Stephanie Somers, 27: 16-28:13 (trained on time

-93-

| | | |
|---|---|---|
| | adjustments for off the clock work); 29:19-30:9 (made time adjustments for waiting to be let out of the club after closing because doors were locked).<br><br>**Closing Managers:** Declaration of Georgia Melenbacker (4799), ¶ 9 ("I have heard of Team Lead key carriers submitting time adjustments when they were delayed in exiting the club after closing because they tried to set the alarm and it was not arming so they had to call the alarm company to troubleshoot." | |
| 41. | Declaration of Robert Crandall, MBA, ECF No. 104-1 at 80-187. | Plaintiff moves to strike the Declaration of Robert Crandall, MBA, pursuant to Fed. R. Evidence § 702, on the grounds that Mr. Crandall's opinions: (1) will not help the trier of fact to understand the evidence or determine a fact in issue; (2) are not based on sufficient facts or data; (3) are not the product of reliable principles and methods; and (4) do not reflect a reliable application of the principles and methods to the facts of the case. (*See*, *Sali v. Corona Regional Medical Center* (9th Cir. 2018) |

-94-

909 F.3d 996, 1006 ("in evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert*.") (citations omitted).)

Mr. Crandall's declaration relies on assertions that are "not conclusions from a valid scientific analysis." (Dr. Jeffrey Petersen's Reply to the Declaration of Robert Crandall at ¶ 2.) For example, and most significantly, Mr. Crandall asserts that the survey responses are unreliable. This assertion is based on the deposition testimony of 30 individuals who participated in the survey. Mr. Crandall did not conduct a valid scientific process for obtaining the deposition testimony that could be extrapolated to the class, because he did not select a scientifically acceptable random sample of survey participants for the depositions. In fact, "the probability that the sample of deponents is not a random sample is 99.4 percent." (Id. at ¶ 3.) Indeed, "Mr. Crandall's analysis of reliability is based on a biased data set and is therefore worthless." (*Id.* at ¶¶ 3, 11-16.) Accordingly, and in addition to the in-depth analysis performed by Dr. Petersen in his Reply, the Court should strike or disregard the findings in Mr. Crandall's declaration.

**Ruling:**

-95-

| | | **Sustained:** _____ |
| | | **Overruled:** _____ |

Respectfully Submitted,

BRADLEY GROMBACHER LLP

Dated: February 17, 2024

By: */s/ Kiley L. Grombacher*
Kiley L. Grombacher
Attorneys for Plaintiff

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION